### Doyle v. Magnotta
### Case No. 14200
### Summit County, (9th)
### Decided January 3, 1990
[Cite as 1 AOA 347]

*Randall D. Weissfeld, Attorney at Law, 614 E. Market St., Akron, OH. 44304, for Plaintiff.*

*Thomas Magnotta, 185-936, P. O. Box 4571, Lima OH 45803, for Defendant, Self.*

MAHONEY, J.
Defendant-appellant, Thomas Magnotta, appeals the decision of the trial court denying Magnotta's motion to transport him from his place of incarceration to a civil wrongful death trial when Magnotta had other alternatives available to protect his interest. We affirm.

On April 28, 1985, Magnotta abducted his estranged wife from a restaurant in Macedonia,

Ohio. Shortly thereafter, Magnotta shot her once in the head and twice in the chest. Magnotta pled guilty to murder. His wife's estate filed a wrongful death action against Magnotta on behalf of the couple's three children. The trial court entered a default order as to liability and held a hearing to determine damages. The trial court awarded the children compensatory and punitive damages. Upon appeal this court vacated the default judgment and remanded for further proceedings because of the lack of notice of the default. After denying Magnotta's renewed motion to transport and proceeding to trial, the trial court awarded one million dollars in compensatory damages to the children.

Magnotta raises three assignments of error.

### ASSIGNMENT OF ERROR I
"The trial court abused its discretion by disallowing the defendant/appellant to personally appear at trial and/or to be allowed a tele-conference during trial by admitting to have in the past return a convicted person of homicide to defend a wrongful death case failing to identify the difference between the two cases and where trial courts have transported inmate prisoners to trial to defend civil cases."

Magnotta contends that because other inmates have been transported to defend in civil cases, the trial court abused its discretion by denying Magnotta the right to personally appear at the trial. We disagree.

A person who is incarcerated has no absolute right to appear at a civil action to which he is a party. *Mancino* v. *Lakewood* (1987), 36 Ohio App. 3d 219, 221. Instead the decision is within the discretion of the trial court and thus depends upon the unique facts and circumstances of each situation. *Marshall* v. *Marshall* (May 12, 1989), Lucas App. No. L-88-239, unreported.

The factors that should be given consideration when deciding whether a prisoner should be permitted to argue his case personally include: whether the prisoner's request reflects something more than a mere desire to be freed temporarily from the prison's confines; whether he is capable of conducting an intelligent and responsible argument; whether his presence could be secured without undue inconvenience, danger, or cost; whether the matter at issue is substantially important; whether there exists a need for an early determination of the matter or whether the trial could be delayed until the prisoner is released; whether there is a high probability of success on the merits; whether his release would jeopardize the integrity of the correctional system; and whether the inmate's interests can be preserved by presenting his testimony by deposition rather than by his personal appearance. *Holt* v. *Pitts* (C.A. 6, 1980), 619 F. 2d 558, 561.

In *Marshall, supra,* the denial of the defendant-prisoner's request to be present at a divorce trial was upheld where the defendant could have submitted his own testimony upon oral examination through a deposition, or upon written questions. Similarly, in this instance, the trial court determined that because Magnotta had other alternatives to protect his interest, that his motion should be denied.

Magnotta's original motion to transport was filed on May 23, 1988. However, once the trial court denied the motion, Magnotta continued to renew the motion instead of diligently searching for legal assistance provided by an attorney who does *pro bono* work or a legal aid organization. There also remains some question as to whether Magnotta could have obtained counsel with his own assets because of his ownership of two life insurance policies held by Prudential Insurance Company of America which were exempt from the claims of creditors and had a cash surrender value as of March 24, 1988, of over five thousand dollars, and his part ownership in certain parcels of real estate. Magnotta also continued to renew his motions to be transported for trial rather than preserve his interest by completing a deposition or otherwise.

Magnotta has presented no compelling argument why the factors of the danger, expense of his transportation and safekeeping, and inconvenience of transporting a defendant, who has admitted to killing his wife by entering a guilty plea, were outweighed by his need to be transported to a civil trial when his testimony could have been presented by other less costly and less dangerous means.

Accordingly, we cannot say that the trial court abused its discretion in denying Magnotta's motion to transport.

The first assignment of error is overruled.

### ASSIGNMENT OF ERROR II
"The trial court abused it's discretion by finding the pro se defendant/appellant gave no evidence and/or displayed no attempt to obtain pro bono or legal representation in

this case when such evidence is filed for record."

Magnotta asserts that he contacted numerous organizations in his search for counsel. The record contains one letter which he received as a result of his correspondence with the American Civil Liberties Union which in turn contacted the Ohio Public Defender's Office.

It is unfortunate that the numerous organizations, that Magnotta claimed to have contacted, neglected to direct him to any organization which represents indigent clients in civil matters. Magnotta also failed to follow through with the advice given by the Ohio Public Defender's Office directing him to contact the Ohio State Bar Association Lawyer Referral Service, which could have provided Magnotta with the names of individual attorneys who do *pro bono* work.

Accordingly, we cannot say that the trial court erred in determining that Magnotta failed to diligently search for counsel to represent him.

The second assignment of error is overruled.

### *ASSIGNMENT OF ERROR III*

"The defendant was denied the equal protection of law and the benefits of Article I, Section 2 of the Constitution of Ohio the due process of law for an injury in the judgment of one million dollars as recognized in Article I, Section 16, of the Constitution of Ohio, the due process of the Fifth and equal protection of the Fourteenth Amendments to the United States Constitution when the trial court refused to address and/or allow the defendant witness representation and documents requested in the filed May 5, 1989 formal request for the subpoena duces tecum of witnesses therein."

Because the record does not support Magnotta's contention that the trial court interferred in any way with his right to subpoena witnesses, the assignment of error is overruled.

The judgment is affirmed.

The Court finds that there were reasonable grounds for this appeal.

We order that a special mandate issue out of this court, directing the County of Summit Common Pleas Court to carry this judgment into execution.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E).

REECE, J., CIRIGLIANO, J., Concur