**KAMPFER, Appellee,**

v.

**DONNALLEY, Appellant.**

[Cite as *Kampfer v. Donnalley* (1998), 125 Ohio App.3d 359.]

Court of Appeals of Ohio,
Seventh District, Columbiana County.

No. 96–CO–42.

Decided Jan. 15, 1998.

*Frederic E. Naragon* and *Geoffrey S. Goll,* for appellee.

*David W. Donnalley, pro se.*

GENE DONOFRIO, Presiding Judge.

Defendant-appellant, David W. Donnalley, who is incarcerated, appeals the decision of the Columbiana County Court of Common Pleas not allowing him to be present at a hearing to determine the extent of damages he owed the plaintiff-appellee, Lorena A. Kampfer.

On March 10, 1993, an accident occurred involving automobiles driven by appellant and appellee. As a result of that accident, appellee and two of her children who were passengers in her car sustained serious injuries.

At the time of the collision, appellant had a blood-alcohol content of .239. In a criminal prosecution that followed, appellant pled guilty to aggravated vehicular

assault and as a result became incarcerated in the Belmont Correctional Facility. Appellant's record prior to this incident included two D.U.I. convictions, a conviction for fleeing and eluding an officer and two convictions for driving without an operator's license.

On March 7, 1995, appellee filed a complaint naming appellant and his wife, Diane, as defendants. The wife eventually settled with appellee and is not involved in this appeal. In the complaint, the appellee alleged that appellant was negligent in driving his vehicle intoxicated, and that this negligence caused her injuries.

In the proceeding below, appellant never filed an answer. In response to appellee's complaint, appellant wrote a letter to opposing counsel explaining that he was incarcerated and requested, among other things, that the action be suspended until he completed his sentence.

On March 11, 1996, appellee filed a motion for summary judgment. In response to that motion, appellant filed a memorandum in opposition. Along with the memorandum in opposition, appellant filed a motion for judgment on the pleadings, a motion in opposition to default judgment, and a motion to appear at all proceedings. The essence of appellant's motions was that a court cannot hold a court proceeding or enter judgment against the appellant in the appellant's absence.

On April 10, 1996, the court below granted appellee's motion for summary judgment. The court ruled in appellee's favor as to the issue of liability and, with regard to damages, the court granted judgment in favor of appellee for medical expenses that were supported by the affidavit that was attached to the motion for summary judgment. To determine the balance of damages, the court scheduled a hearing for May 24, 1996. At that hearing, the court awarded appellee compensatory damages in excess of $2.5 million and punitive damages in the amount of $1 million. The appellant was not present at the hearing. As stated above, he had requested to be present at the proceeding, but his request was denied. This appeal followed.

The appellant, who is acting *pro se*, has argued four assignments of error in his brief. There are four listed in the table of contents but only three discussed in the text of the brief. The assignments of error listed in the table of contents differ from those listed in the text.

The four assignments of error listed in the table of contents of appellant's brief are as follows:

"Assignment of Error No: 1

"The trial court committed plain, reversible error, to the prejudice of the appellant by not giving him equal access to court proceedings or time to file responses to the plaintiff's actions and the court's judgment against him.

"Assignment of Error No: 2

"The trial court committed reversible error, to the prejudice of the appellant by dismissing the appellant's motions for *judgment of the pleadings, motion for default judgment, motion in opposition to summary judgment and motion to appear at proceedings.*

"Assignment of Error No: 3

"Violation of Civil Rule 12(C) defendant being available to the court to argue judgment.

"Assignment of Error No: 4

"Equal access to the courts."

The three assignments of error listed in the text of appellant's brief are as follows:

"Assignment of Error No: 1

"In committing plain error the courts commit plain error or defect affecting substantial rights that are noticed, but not brought to the attention of the court.

"Assignment of Error No: 2

"The court did show prejudice in this case by not letting the defendant appear in court in this matter and did not follow the laws of the Civil Rules in doing so. The defendant gave a sound argument which is attached to this brief for review by this court and as to an amendment to this brief.

"Assignment of Error No: 3

"As stated in assignment of error, 1, 2, 3, and 4 the defendant argues that the court violated all rules of civil procedure in not giving the defendant his right to present his side of this argument in this case which led to a judgment against him and an excessive amount as to damages. If the court looks at the size of the award, the court should see that the defendant should have been able to address the court in this matter."

The essence of appellant's assignments of error is that his due process rights were violated when the trial court denied his motion to appear at the hearing that was held to determine the amount of damages he owed to appellee.

Appellant's claim that his due process rights were violated has merit. When an incarcerated defendant requests to be present at a court proceeding in which he or she is a party, though that person does not have an absolute right to be

present, the court must weigh various factors in its determination as to whether it should grant the motion. A careful review of the record in this case does not indicate that this weighing took place.

■ The appellee cites several cases in support of her contention that an incarcerated party to a civil lawsuit has no absolute right to be present at court proceedings. The appellee is correct. There is no absolute right, as is evidenced by the following:

"There is no support in the Constitution or in judicial precedent for the proposition that a prisoner has an absolute due process right to attend the trial of a civil action to which he is a party." *Mancino v. Lakewood* (1987), 36 Ohio App.3d 219, 221, 523 N.E.2d 332, 335.

■ Though an incarcerated criminal has no absolute right to be present at court proceedings, his or her request must be given careful consideration. The court in *Mancino*, stated the standard to be applied when considering a prisoner's motion to appear as follows:

"Whether a prisoner should be permitted to be brought to trial[1] to argue his case personally depends upon the particular circumstances of each case. We hold that the following criteria are to be weighed in making this determination: (1) whether the prisoner's request to be present at trial reflects something more than a desire to be temporarily freed from prison; (2) whether he is capable of conducting an intelligent and responsive argument; (3) the cost and convenience of transporting the prisoner from his place of incarceration to the courthouse; (4) any potential danger or security risk the prisoner's presence might pose; (5) the substantiality of the matter at issue; (6) the need for an early resolution of the matter; (7) the possibility and wisdom of delaying the trial until the prisoner is released; (8) the probability of success on the merits; and (9) the prisoner's interest in presenting his testimony in person rather than by deposition." *Id.* at 221–222, 523 N.E.2d at 335.

■ A ruling on the request of an incarcerated criminal to prosecute a *pro se* civil action by requiring penal authorities to transport him to a court proceeding rests within the sound discretion of the trial court. *Id.* at 221, 523 N.E.2d at 334–335. A trial court abuses its discretion when its judgment is unreasonable, arbitrary or unconscionable. *State v. Adams* (1980), 62 Ohio St.2d 151, 16 O.O.3d 169, 404 N.E.2d 144.

---

1. The *Mancino* court spoke only in regard to a prisoner's request to be present at trial. It would seem likely that the court's holding would also apply to other important proceedings where substantial interests are at stake, such as a hearing like the one held by the court below.

In *Mancino, supra,* the Eighth District Court of Appeals remanded a cause to the trial court because of the trial court's failure to consider the various factors mentioned above in its determination as to whether a motion to appear, filed by an incarcerated defendant, should be granted. By failing to consider the aforementioned factors in relation to the particular circumstances of the case, the court of appeals concluded, the trial court violated the prisoner's due process rights. The purpose of the remand was to determine whether the trial court's error was prejudicial or harmless. The court of appeals held the following:

"Nothing in the record indicates that the trial court made a determination, based upon the criteria outlined *supra,* as to whether the prisoner's presence at trial was reasonably necessary under the particular facts of this case. Accordingly, we remand for that determination * * *. * * * If the trial court determines upon remand that the prisoner is not entitled to attend, then its initial failure to weigh the criteria will be considered harmless error. If, however, the trial court determines that the prisoner's presence at trial is reasonably necessary, the judgment below must be vacated, and the cause must proceed to a new trial." *Mancino, supra,* 36 Ohio App.3d at 222, 523 N.E.2d at 336.

The court in *Mancino* relied on the United States Supreme Court case of *Price v. Johnston* (1948), 334 U.S. 266, 284–285, 68 S.Ct. 1049, 1059–1060, 92 L.Ed. 1356, 1368–1369, in concluding that various criteria must be weighed when considering a motion to appear filed by an incarcerated party. In *Price,* the Supreme Court held that a court of appeals had discretion to decide whether an incarcerated appellant could argue his or her appeal in person. When an incarcerated appellant requested to personally argue an appeal, the court had discretion to consider various factors that resemble the criteria outlined in *Mancino.*

The court in *Mancino* has taken the criteria in *Price* and has made it a requirement for courts to consider when presented with a motion to appear by an incarcerated party. This court adopts the holding above from the *Mancino* decision.

■ The record does not indicate that the trial court considered the factors set out in *Mancino.* By failing to consider the above factors, the court violated appellant's due process rights. In that over $3.5 million was assessed against the appellant, the record should reflect that these factors were considered.

Appellant's assignments of error are with merit.

This cause is hereby remanded for the trial court to consider those factors as set out in *Mancino,* and to determine based on those factors whether appellant's presence at the hearing was reasonably necessary. If so, the trial court must set

aside the previous order of the court as to damages and conduct a new hearing with appellant present.

*Judgment accordingly.*

Cox and WAITE, JJ., concur.