JOURNAL ENTRY AND OPINION
Defendant-appellant John Vild ("appellant") appeals from the divorce decree granted by the trial court in favor of plaintiff-appellee Roseann Vild.
Appellant assigns the following errors for review:
 I. THE TRIAL COURT ABUSED IT'S (SIC) DISCRETION IN FAILING TO ORDER CONCILIATION WHEN MOTIONED FOR BY DEFENDANT WHEN PLAINTIFF NEVER OBJECTED TO CONCILIATION.
 II. THE TRIAL COURT ABUSED IT'S (SIC) DISCRETION IN FAILING TO ORDER INDEPENDENT GUARDIAN BE APPOINTED TO THE ESTATE'S (SIC) OF THEIR MINOR CHILDREN.
 III. THE TRIAL COURT DENIED DEFENDANT HIS RIGHTS TO DUE PROCESS OF LAW AS MANDATED BY THE 14th AMENDMENT OF THE U.S. CONSTITUTION ABUSING IT'S (SIC) DISCRETION THEREBY.
Finding the appeal to lack merit, the judgment of the trial court is affirmed.
 I.
On November 17, 1997, Roseann Vild filed a complaint for divorce from appellant. Two children were born as issue of the marriage — John M. Vild, Jr. (d.o.b. August 22, 1980) and Jason L. Vild (d.o.b. May 9, 1986). At the time the complaint was filed, appellant was incarcerated at the Marion Correctional Institute. Appellant responded with a motion to dismiss the complaint for divorce. In his motion, appellant argued that his conviction lacked finality because of a pending petition for post-conviction relief in which appellant proclaimed his innocence.
On January 26, 1998, appellant answered the divorce complaint in which he raised as defenses, inter alia, the finality of his conviction, Roseann Vild's promise to stay married throughout appellant's term of imprisonment, and that Roseann Vild did not really desire a divorce. Appellant filed motions for continuance, for a telephone conference, and for the appointment of an independent guardian for the estates of his two minor children. Appellant filed a petition for conciliation. Appellant also filed a request for admissions. Roseann Vild did not respond to the request for admissions. On May 27, 1998, appellant filed a motion requesting he be transported to the oral hearing.
On August 25, 1998, the magistrate issued her decision in which she denied appellant's motions for conciliation, to dismiss, for a telephonic case management conference, for appointment of a guardian, and for transportation to the hearing. Appellant filed objections to the magistrate's decision. On August 31, 1998, appellant filed a second request for admissions, which also went unanswered. On September 3, 1998, appellant filed a request to inspect and copy documents. On October 26, 1998, the trial court overruled appellant's objections and adopted the magistrate's decision. On November 27, 1998, the trial court granted Roseann Vild's complaint for divorce on the grounds of appellant's imprisonment and because the couple had lived separate and apart in excess of one year.
 II.
In his first assignment of error, appellant submits the trial court abused its discretion by denying appellant's motion for conciliation. In his motion, appellant claimed that Roseann Vild still loved him and did not want to divorce. The magistrate denied the motion because of appellant's incarceration. The magistrate noted that the logistics of ordering counseling would be difficult because appellant remained incarcerated in Marion while Roseann Vild resided in Cleveland. Further, Roseann Vild never indicated any willingness to reconcile.
R.C. 3105.091(A) provides that a trial court may order parties to an action of divorce, annulment, or legal separation, or at any time after a petition for dissolution is filed to undergo conciliation. The decision of whether or not to order conciliation is completely within the discretion of the trial court. An abuse of discretion is more than an error of law or judgment, it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
Appellant correctly observes, several times, that a request for admission will be deemed to be admitted if the opposing party does not serve a written answer or objection. Civ.R. 36(A) However, no transcript or statement of the evidence of the hearing held before the magistrate is a part of the record before this court. The appellant has the duty of providing a reviewing court with a record of the facts, testimony, and evidentiary matters which are necessary to support the appellant's assignments of error. Volodkevich v. Volodkevich (1989), 48 Ohio App.3d 313.
 When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm.
Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199. Without all of the relevant evidence, an appellate court must presume the regularity of the proceedings below and the validity of the trial court's judgment. Wells v. Spirit Fabricating, Ltd.
(1996), 113 Ohio App.3d 282, 288-289.
The magistrate's decision states that Roseann Vild expressed no interest in reconciling with appellant. Without an adequate record of what took place at the hearing, this court cannot determine the basis of this decision and must presume regularity. Further, the magistrate also mentioned the difficulty in arranging for counseling sessions because of the geographic distance between the parties. The trial court did not abuse its discretion by adopting the magistrate's report and denying appellant's motion for conciliation.
Appellant's first assignment of error is overruled.
 III.
In his second assignment of error, appellant contends the trial court abused its discretion by not appointing an independent guardian for the estates of the two minor children. John Vild, Jr. and Jason Vild hold a one-half interest in the family residence. Roseann Vild's father is the holder of the other one-half interest. Appellant's motion was denied because the domestic relations court lacked jurisdiction to appoint a guardian.
Subject matter jurisdiction addresses the power of a court to decide an issue and is conferred by the Ohio Constitution and the legislature. Springfield City School Support Personnel v. StateEmp. Relations Bd. (1992), 84 Ohio App.3d 294, 297. Under R.C.2101.24(A)(1)(e), probate court has exclusive jurisdiction to appoint and remove guardians. The jurisdiction of the probate court extends to all matters which touch the guardianship. In reGuardianship of Jadwisiak (1992), 64 Ohio St.3d 176. The trial court correctly determined that it was without jurisdiction to appoint a guardian to protect the property interests of the Vilds' minor children.
Appellant's second assignment of error lacks merit.
 IV.
In his third assignment of error, appellant argues his constitutional right to due process was violated because the trial court did not arrange for appellant's presence during the hearings. Appellant submits he should have been permitted to attend, in person or by telephone, pre-trial hearings, case management conferences, and hearings.
Appellant relies on Mancino v. Lakewood (1987), 36 Ohio App.3d 219, in which this court established the following criteria to be considered when a prisoner requests to attend trial.
 (1) whether the prisoner's request to be present at trial reflects something more than a desire to be temporarily freed from prison; (2) whether he is capable of conducting an intelligent and responsive argument; (3) the cost and convenience of transporting the prisoner from his place of incarceration to the courthouse; (4) any potential danger or security risk the prisoner's presence might pose; (5) the substantiality of the matter at issue; (6) the need for an early resolution of the matter; (7) the possibility and wisdom of delaying the trial until the prisoner is released; (8) the probability of success on the merits; and (9) the prisoner's interest in presenting his testimony in person rather than by deposition.
Id. at 221-222. The court noted that a prisoner has no absolute due process right to attend a civil trial to which he is a party.Id. at 221. The decision whether to allow the presence of an incarcerated party is within the sound discretion of the trial court. Kampfer v. Donnalley (1998), 125 Ohio App.3d 359, 363. Pursuant to discovery procedures, a prisoner has the ability to present his factual case by way of deposition. Dragojevic-Wiczenv. Wiczen (1995), 101 Ohio App.3d 152.
In her decision, the magistrate addressed each factor listed inMancino, supra, and determined appellant's presence was not necessary at the hearing in part because there was little likelihood that appellant's attendance would affect the outcome of the proceedings. The magistrate pointed out that appellant could not be allocated parental rights and responsibilities for the couple's minor children or pay any significant child support.
Appellant has presented no argument with regard to the property settlement, custody of the children, or any issues regarding support. Appellant's dispute centers on the grant of the divorce itself. The trial court granted the divorce on the grounds of appellant's imprisonment and because the Vilds had lived separate and apart in excess of one year. R.C. 3105.01(H) provides that the imprisonment of the adverse party in a state or federal correctional institution at the time the complaint for divorce is filed constitutes a ground for divorce. Appellant clearly was incarcerated at the time the complaint was filed. Appellant also never disputes he did not live separate and apart from his wife for more than one year. A trial court has broad discretion in determining the proper grounds for a divorce and a reviewing court will not reverse that determination absent a finding that the trial court's attitude in reaching its decision was unreasonable, arbitrary, or unconscionable. Buckles v. Buckles
(1988), 46 Ohio App.3d 102, 116. Appellant's proclamations of innocence and expectations of prevailing on his petition for post-conviction relief have no impact on the grounds upon which the trial court granted Roseann Vild's complaint for divorce. Appellant cannot demonstrate prejudice as a result of any of the trial court's rulings. The grounds for divorce would have remained the same because appellant was imprisoned at the time the complaint was filed and had lived separate and apart from Roseann Vild for a period of one year.
Appellant's third assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant her costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, P.J. and KENNETH A. ROCCO, J. CONCUR.
 ______________________ LEO M. SPELLACY, JUDGE