JOURNAL ENTRY AND OPINION
{¶ 1} E.B. appeals the Cuyahoga County Juvenile Court's determination that no parent-child relationship existed between himself and G.J.[1] E.B. argues that the trial court erred for the following reasons: it failed to make G.J. a party to the case, it failed to order additional genetic blood testing, and it failed to determine that his appearance in court was necessary. E.B. also argues that the trial court violated his rights of confrontation and cross examination. For the following reasons, we affirm the decision of the trial court.
 {¶ 2} On October 19, 2004, E.B. requested a determination of a father-child relationship between himself and G.J., the daughter of T.J., pursuant to R.C. 3111.22. After genetic results containing genetic samples of T.J., G.J., and E.B. returned showing a zero percent probability of paternity, the Cuyahoga Support Enforcement Agency ("CSEA") issued an administrative order finding the nonexistence of the parent-child relationship.
 {¶ 3} Despite the genetic results to the contrary, E.B. filed a complaint in Juvenile Court captioned "Determination of paternity, pursuant to R.C. 3111.01-3111.19/Objection to administrative order." In the complaint, E.B. objected to CSEA's administrative order establishing the nonexistence of the parent-child relationship and requested the trial court to establish the parent-child relationship between himself and G.J.
 {¶ 4} As a result of the complaint, a Juvenile Court Magistrate scheduled a pretrial hearing for April 19, 2004. At the time of the hearing, E.B. was in the custody of Grafton Correction Institution and did not appoint a legal representative to attend this hearing on his behalf. Nonetheless, T.J. and counsel for CSEA attended the hearing. After hearing from the mother and counsel for CSEA, the magistrate affirmed the nonexistence of a parent-child relationship between E.B. and G.J. and dismissed E.B.'s objections to the administrative order and his complaint to establish the parent-child relationship with prejudice. The magistrate also found that E.B. had harassed the mother, that the mother agreed with the genetic test results, and that it would be in the best interests of G.J. that E.B. should not have any contact with the child or any member of the child's family. The trial court adopted the magistrate's decision on April 27, 2004.
 {¶ 5} On April 28, 2004, E.B. filed objections to the magistrate's decision, along with motions to appoint an attorney for G.J. and for a transcript and jury trial. On May 5, 2005, the trial court overruled E.B.'s objections and denied his motions.
 {¶ 6} On May 16, 2005, E.B. appealed, raising the six assignments of error contained in the appendix to this opinion. T.J. did not file a brief or otherwise participate in this appeal.
 {¶ 7} In his first assignment of error, E.B. argues that the trial court erred in failing to make G.J. a party to the case and in failing to appoint separate counsel or a guardian ad litem for G.J. This assignment of error lacks merit.
 {¶ 8} Pursuant to R.C. 3111.07(A), "[t]he child shall be made a party to the action unless a party shows good cause for not doing so. Separate counsel shall be appointed for the child if the court finds that the child's interests conflict with those of the mother." Juv.R. 2(Y) also states that a party in a juvenile proceeding includes the child who is the subject of the proceeding. G.J. was the subject of the paternity proceeding before the court. In accordance with the statute and rule, G.J. was required to be named as a party. However, E.B. filed the complaint and neither named nor served G.J. with the complaint. He cannot now expect this court to repair his errors in litigation.
 {¶ 9} Nevertheless, the failure to name G.J. as a party resulted in harmless error because even if she was a party, the trial court was not required under these facts to appoint either counsel or a guardian ad litem. The appointment of counsel for a child is mandatory if the mother's interests conflict with those of the child. R.C. 3111.07(A). If the situation does not arise, the language in the statute does not suggest that the appointment of counsel is mandatory. In the present case, the record does not show a conflict between the child and mother's interests. The only evidence to the contrary came from E.B.'s blanket assertion of such a conflict. Such blanket assertions do not constitute evidence of a conflict. Therefore, even if G.J. was named as a party to the action, appointment of counsel was not required.
 {¶ 10} Although G.J. should have been named as a party to the suit, any failure to do is the fault of E.B., not the trial court. Moreover, the failure to name G.J. did not result in prejudice since the appointment of counsel would not have been required.
 {¶ 11} E.B.'s first assignment of error is overruled.
 {¶ 12} In his second and third assignments of error, E.B. argues that the trial court committed reversible error and violated his constitutional rights when it denied his request for additional genetic testing. These assignments of error lack merit.
 {¶ 13} Pursuant to R.C. 3111.09(A)(4), "[i]f * * * the agency has previously conducted genetic tests on the child, child's mother, alleged father, or any other defendant and the current action pursuant to section 3111.01 to 3111.18 of the Revised Code has been brought to object to the result of those previous tests, the agency shall not be required to pay the fees for conducting genetic tests pursuant to this section on the same persons."
 {¶ 14} The statute is clear. Once CSEA conducts a genetic test on the mother, the child, and the alleged father, CSEA is not required to pay the fees for additional genetic testing. In the present case, E.B. filed for a determination of paternity. Pursuant to statute, CSEA conducted genetic testing of G.J., T.J., and E.B. and determined that there was a zero percent probability of paternity. E.B. filed the instant complaint challenging the validity of those test results. Therefore, it is no longer the responsibility of CSEA or the trial court to pay for additional genetic testing.
 {¶ 15} Accordingly, the trial court did not err, nor did it violate E.B.'s constitutional rights, when it denied his request for additional genetic testing. E.B.'s second and third assignments of error are overruled.
 {¶ 16} In his fourth assignment of error, E.B. argues that the trial court deprived him of due process when it failed to determine that his presence was reasonably necessary during court proceedings involving his complaint. This assignment of error lacks merit.
 {¶ 17} "A ruling on the request of an incarcerated criminal to prosecute a pro se civil action by requiring penal authorities to transport him to a preliminary hearing or trial rests within the sound discretion of the trial court." (Emphasis in original.) Mancino v. City of Lakewood (1987),36 Ohio App.3d 219, 221. Accordingly, a trial court's ruling on a motion to convey will be overturned only upon a showing of an abuse of that discretion. In re Estate of Dezso (January 18, 2001), Cuyahoga App No. 77903, 2001 Ohio App. LEXIS 155. "The term `abuse of discretion' connotes more than an error of law or judgment, it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 18} In determining whether to grant a motion to convey the trial court should apply the following factors:
"(1) whether the prisoner's request to be present at trial reflects something more than a desire to be temporarily freed from prison; (2) whether he is capable of conducting an intelligent and responsive argument; (3) the cost and convenience of transporting the prisoner from his place of incarceration to the courthouse; (4) any potential danger or security risk the prisoner's presence might pose; (5) the substantiality of the matter at issue; (6) the need for an early resolution of the matter; (7) the possibility and wisdom of delaying the trial until the prisoner is released; (8) the probability of success on the merits; and (9) the prisoner's interest in presenting his testimony in person rather than by deposition." Mancino, supra.
 {¶ 19} In this assigned error, E.B. argues that the trial court was required to assess these factors on the record, and the failure to do so is reversible error. We disagree with E.B.'s argument. This court has previously held that "[w]e do not believe the Mancino court requires such a statement in all cases where a motion to convey is denied. Although a judge's statement of reasons is helpful, when the record sufficiently shows the basis of the Mancino analysis, we can conduct our review without a specific statement." Dezso, supra.
 {¶ 20} E.B. argues that he is incarcerated in Grafton, Ohio, and that inmates are transported from that facility to attend court proceedings in Cuyahoga County on a daily basis. He also argues that he is likely to prevail on his complaint, that he wants to preserve his parental rights, that he can conduct a responsive argument, and that there is a need for early resolution of the matter. We do not see the need to argue the relative ease of conveying E.B. to Cuyahoga County but disagree with his remaining arguments.
 {¶ 21} In the present case, E.B. has no chance of success on the merits of his claims as genetic tests confirm a zero percent probability of a parent-child relationship between E.B. and G.J. Moreover, E.B. alleges several conspiracy theories regarding why the genetic test resulted in a showing of no parent-child relationship, which include but are not limited to his ingestion of tobacco, caffeine, and hydrogen peroxide. The trial court was not required to convey E.B. to a courtroom to discuss these arguments.
 {¶ 22} Accordingly, we cannot say that the trial court abused its discretion in overruling his motion to convey. E.B.'s fourth assignment of error is overruled.
 {¶ 23} In his fifth assignment of error, E.B. argues that the trial court denied his constitutionally protected rights of confrontation and cross-examination. This assignment of error lacks merit.
 {¶ 24} Pursuant to R.C. 3111.08(A), "[a]n action brought pursuant to R.C. 3111.01 to 3111.18 of the Revised Code to declare the existence or nonexistence of the father child relationship is a civil action and shall be governed by the Rules of Civil Procedure." The scheme provided for in R.C. Chapter 3111 is civil, not punitive in nature. Therefore, the federal confrontation clause, which provides that "in all criminal prosecutions, the accused shall enjoy the right * * * to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor," does not apply in this proceeding. See also Section 10, Article I of the Ohio Constitution, which contains a similar guarantee.
 {¶ 25} Accordingly, we hold that the Confrontation Clauses of the Sixth Amendment to the United States Constitution and of Section 10, Article I of the Ohio Constitution do not apply to R.C. Chapter 3111.
 {¶ 26} Because this is a civil matter, E.B.'s right of confrontation and cross-examination were not violated. We therefore overrule his fifth assignment of error.
 {¶ 27} In his sixth and final assignment of error, E.B. argues that "R.C. 3111.01 to 3111.19 are in pari materia and if language of statutes conveys a meaning of legislature's intent that is clear, unequivocal, and definite the statutes must be applied accordingly." This assignment of error lacks merit.
 {¶ 28} Our review of the record indicates that E.B. never raised this error in his objections to the magistrate's decision. As such, he cannot now raise an error that could have been raised below. Civ.R. 53(E)(3)(d) states in pertinent part, "a party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule."
 {¶ 29} As the court explained in Proctor v. Proctor (1988),48 Ohio App.3d 55, 58, this requirement,
"* * * merely follows the well-established case authority that an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been corrected or avoided by the trial court. (Citations omitted.) Accordingly, * * * we hold that an assignment of error based upon the trial court's adoption of the referee's finding of fact is waived unless an objection to that finding of fact is contained in the party's written objections to the referee's report."
 {¶ 30} Because E.B. did not raise this argument in his objections to the magistrate's decision, we will not address it on appeal. E.B.'s sixth assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas, Juvenile Division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze Jr., P.J., and Rocco, J., concur
 Appendix Assignments of Error
 "I. A trial court abuses its discretion and commits reversibleerror by not making a minor a party and appointing separatecounsel or guardian ad litem in an action brought under R.C.3111.01 to 3111.18.
 II. When a party has objected to administrative order andprevious genetic test, the trial court commits reversible errorwhen denying requested genetic blood testing, pursuant to R.C.3111.09(A)(1), (B)(4); 3111.10(D) and 3111.11; theFourteenth amendment to the U.S. Constitution and Article I sections 1, 2,10, and 16 to the Ohio Constitution.
 III. By failing to grant mandatory genetic testing a trialcourt denies a pro se indigent, incarcerated party'sconstitutional rights under the First, Fifth, Eighth andFourteenth amendments to the United States Constitution andArticle I sections 1, 2, 10 and 16 to the Ohio Constitution.
 IV. A trial court denies a pro se indigent, incarceratedlitigant due process of law when failing to make determination ofwhether presence was reasonably necessary or presence atproceedings when taking testimony into evidence, under theFourteenth Amendment to the United States Constitution; andArticle I sections 1, 2, 10 and 16 to the Ohio Constitution.
 V. Appellant was denied the constitutional guaranteed rightsof confrontation and cross-examination; redress; due process; andequal protection under the First and Fourteenth Amendments to theU.S. Constitution and Article I sections 1, 2, 10 and 16 to theOhio Constitution.
 VI. R.C. 3111.01 to 3111.19 are in pari materia and iflanguage of statutes conveys a meaning of legislature's intentthat is clear, unequivocal, and definite the statutes must beapplied accordingly."
[1] This court protects the identity of all parties in Juvenile Court cases.