DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Rifat Abuhilwa, appeals from the judgment of the Pickaway County Court of Common Pleas which awarded him zero damages in connection with his civil claim against Defendant-Appellee, Kevin Board. Appellant contends that the trial court erred and abused its discretion by awarding him zero damages without holding an evidentiary hearing on the issue of damages. Specifically, Appellant contends that he was denied the opportunity to be conveyed to the trial court to attend his hearing on damages, and alternatively denied the opportunity to have a telephone conference on the issue of damages. Because we find that a *Page 2 
prisoner has no absolute right to attend the trial of a civil action in which he is a party, and because the trial court could reasonably have found that the cost and inconvenience of transporting Abuhilwa from prison to the hearing outweighed Abuhilwa's interest in attending the damages hearing, we disagree. Accordingly, we affirm the trial court's judgment.
 FACTS {¶ 2} A review of the record before us reveals that Appellant, an inmate at the Grafton Correctional Institute, filed a civil complaint against Appellee, Kevin Board, an inmate at the Richland Correctional Institute, for defamation per se and harassment on August 9, 2007. After Appellee failed to answer or otherwise plead, Appellant moved for default judgment, which was granted by the trial court on December 19, 2007. A hearing on damages was scheduled for January 24, 2008.
 {¶ 3} Prior to the scheduled January 24, 2008, damages hearing, Appellant filed, on December 31, 2007, a "motion to compel court order of telephone or video conference," which essentially requested that the court order the warden to make arrangements for a video conference to take place on the scheduled hearing date of January 24, 2008. On the same day, Appellant also filed a "motion for telephone or video conference order," requesting a video conference, or alternatively, that he be conveyed to the *Page 3 
courthouse to attend the scheduled hearing. Subsequently, on February 7, 2008, Appellant filed a "motion for leave to file supplemental brief for judgment or telephonic hearing for damages," citing the trial court's failure to rule on his pending motions or to impose judgment on Appellee, claiming that he had "no obligation to `prove' his damages to the trial Court," and requesting that the trial court award him damages in the amount of $100,000.00.
 {¶ 4} On February 8, 2008, the trial court issued a decision and judgment entry noting Appellant's failure to appear at the January 24, 2008, damages hearing and awarding Appellant "zero dollars ($0.00)" in damages, and also denying all other pending motions. It is from this decision and judgment entry that Appellant has filed his timely appeal, assigning a single error for our review.
 ASSIGNMENT OF ERROR {¶ 5} "I. DID THE TRIAL COURT ERROR [SIC] AND/OR ABUSE ITS DISCRETION BY ENTERING AND AWARDING PLAINTIFF-APPELLANT ZERO ($0.00) DOLLARS AND COSTS WITHOUT HOLDING AN EVIDENTIARY HEARING ON THE ISSUE OF DAMAGES."
 LEGAL ANALYSIS *Page 4 {¶ 6} In his sole assignment of error, Appellant contends that the trial court erred when it failed to award him damages in connection with his civil claim and also when it impliedly denied his motion to convey him from the Grafton Correctional Institute to his scheduled damages hearing.
 {¶ 7} "A ruling on the request of an incarcerated criminal to prosecute a pro se civil action by requiring penal authorities to transport him to a preliminary hearing or trial rests within the sound discretion of the trial court." Mancino v. City of Lakewood (1987), 36 Ohio App.3d 219, 221, citing Holt v. Pitts (C.A.6, 1980), 619 F.2d 558,560-561. "The term `abuse of discretion' connotes more than an error of law or judgment, it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore, supra. Moreover, this Court has followed Mancino in recognizing that "There is no support in the Constitution or in judicial precedent for the proposition that a prisoner has an absolute due process right to attend the trial of a civil action to which he is a party. Any such right must be balanced against the state's interest in avoiding the risks and expenses of transportation." Matter of Vandale (June 30, 1993), Washington App. No. 93CA31, 1993 WL 235599; quoting Mancino, supra; see, also, Rowe v.Stillpass, Lawrence App. No. 06CA1, 2006-Ohio-3789. (Citations omitted.) *Page 5 
 {¶ 8} The Mancino court recognized that whether a prisoner should be permitted to attend a civil trial to personally argue his case depends upon the particular circumstances of each case. Mancino at 21. The court enumerated a number of criteria that a trial court should weigh in making that determination, including: "(1) whether the prisoner's request to be present at trial reflects something more than a desire to be temporarily freed from prison; (2) whether he is capable of conducting an intelligent and responsive argument; (3) the cost and convenience of transporting the prisoner from his place of incarceration to the courthouse; (4) any potential danger or security risk the prisoner's presence might pose; (5) the substantiality of the matter at issue; (6) the need for an early resolution of the matter; (7) the possibility and wisdom of delaying the trial until the prisoner is released; (8) the probability of success on the merits; and (9) the prisoner's interest in presenting his testimony in person rather than by deposition." Id. at 222. (Citations omitted.) The Eighth Appellate District has subsequently held that the Mancino decision does not require a court to assess these factors on the record when the record sufficiently shows the basis of the analysis. E.B. v. T.J., Cuyahoga App. No. 86399, 2006-Ohio-441, at ¶ 19, citing In re Estate ofDezso (January 18, 2001), Cuyahoga App No. 77903; see, also,Rowe, supra. *Page 6 
 {¶ 9} Here, the trial court denied Appellant's motion to convey and/or for telephone conference without providing any on the record analysis. However, because the matter Appellant sought to attend was a damages hearing on a defamation claim brought against another inmate, the trial court could reasonably have found that the cost and inconvenience of transporting Appellant from the Grafton Correctional Institute to the Pickaway County Court of Common Pleas for such a proceeding outweighed any of the other relevant factors. Therefore, we cannot find that the court abused its discretion in overruling Appellant's motion to convey him to the damages hearing, or in awarding him zero dollars in damages, as a result of his failure to attend. Accordingly, we overrule Appellant's sole assignment of error and affirm the decision of the trial court.
 JUDGMENT AFFIRMED. *Page 7 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Pickaway County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J.: Concurs in Judgment Only. Kline, J.: Concurs in Judgment and Opinion. *Page 1