[Cite as *Cook v. Cook*, 2024-Ohio-328.]

COURT OF APPEALS
PERRY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| JOSHUA D. COOK | JUDGES: |
| | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellant | Hon. John W. Wise, J. |
| | Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 23-CA-00007 |
| ISAAC T. COOK | |
| Defendant-Appellee | O P I N I O N |


CHARACTER OF PROCEEDINGS:      Appeal from the Perry County Court of Common Pleas, Case No. 23-DV-00153

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      January 31, 2024

APPEARANCES:

For Plaintiff-Appellant

JOSHUA D. COOK
Inmate No. A785788
Chillicothe Correctional Institution
15802 State Route 104 N.
Chillicothe, Ohio 45601

For Defendant-Appellee

ISAAC T. COOK
1300 Parkview Place, Apt. 5B
Roseville, Ohio 43777

*Hoffman, P.J.*

{¶1} Plaintiff-appellant Joshua Cook appeals the judgment entered by the Perry County Common Pleas Court dismissing his complaint for a divorce from Defendant-appellee Isaac Cook.

## STATEMENT OF THE CASE[1]

{¶2} On June 23, 2023, Appellant filed the instant action pro se, seeking a divorce from Appellee. Appellant was incarcerated at all times throughout the pendency of this case. Appellant alleged as grounds for divorce he and Appellee had lived separate and apart for over one year, Appellee has been willfully absent for one year, and Appellee was guilty of adultery. Appellee was served with the complaint, but did not file an answer.

{¶3} The case was set for a hearing on October 4, 2023. Appellant requested the hearing be held by video so he could participate from prison. The trial court overruled the motion after conferring with the Ohio Department of Rehabilitation and Corrections (hereinafter "ODRC"), which represented to the trial court it could not accommodate lengthy hearings or video access for settlement negotiations. The trial court granted Appellant leave to participate in hearings by telephone if he was able to show proof from an agent of ODRC fourteen days prior to any scheduled hearings confirming telephone access. The trial court also notified Appellant if he presented his testimony by telephone, he must have a person authorized to administer oaths at his location.

{¶4} Appellee appeared for the hearing on October 4, 2023, despite having not filed an answer Appellant did not appear for the hearing by telephone. By judgment filed October 6, 2023, the trial court notified the parties if Appellee did not file an answer and

---

[1] The facts underlying this appeal are not a part of the record before this Court.

counterclaim within fourteen days, the case would be dismissed. Appellee did not file an answer, and the trial court dismissed the action. It is from the October 24, 2023 judgment of the trial court dismissing his complaint for divorce Appellant prosecutes his appeal, assigning as error:

I. THE TRIAL COURT ABUSED ITS DISCRETION BY DISMISSING AN UNCONTESTED DIVORCE AND ALLOWING THIS MATTER TO BE DISMISSED WITHOUT GRANTING AN UNCONTESTED DIVORCE.

II. THE TRIAL COURT ERRED AND DEPRIVED APPELLANT OF DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE SECTION TEN OF THE OHIO CONSTITUTION BY DISMISSING AN UNCONTESTED DIVORCE.

III. THE TRIAL COURT ERRED AND DEPRIVED APPELLANT ACCESS TO THE COURTS TO ATTEND HIS HEARINGS AS REQUESTED AND IGNORED HIS REQUEST TO ORDER ODRC TO HAVE APPELLANT PRESENT VIA PHONE OR VIDEO.

IV. THE TRIAL COURT ERRED BY NOT GRANTING AN UNCONTESTED DIVORCE.

V. THE TRIAL COURT WAS BIASED AND DID NOT AFFORD THE APPELLANT THE SAME RIGHTS AS A HETEROSEXUAL PERSON; AS THIS DIVORCE IS RELATED TO A SAME SEX MARRIAGE.

VI. THE DISMISSAL OF THIS MATTER VIOLATES THE UNITED STATES CONSTITUTION'S PROHIBITION AGAINST CRUEL AND UNUSUAL PUNISHMENTS.

{¶5} This case comes to us on the accelerated calendar. App.R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:

(E) Determination and judgment on appeal.

The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.

The decision may be by judgment entry in which case it will not be published in any form.

{¶6} This appeal shall be considered in accordance with the aforementioned rule.

I., II., IV.

{¶7} In his first, second, and fourth assignments of error, Appellant argues the trial court erred in dismissing his complaint for an uncontested divorce.

{¶8} It is apparent from the trial court's entry following the October 4, 2023 hearing, Appellant did not appear via telephone, as previously allowed by the trial court,

to present testimony establishing his grounds for divorce. The trial court's post-hearing judgment noted Appellee did appear for the hearing.

{¶9} A transcript of the proceedings from the hearing was requested by Appellant at state expense. The motion was denied, and we do not have a transcript of the proceedings of the hearing. However, as a result of the hearing, the trial court entered judgment giving Appellee fourteen days to file an answer or counterclaim, and notified the parties failure to so file would cause the action to be dismissed. In the absence of a transcript demonstrating evidence was presented to the trial court demonstrating grounds for divorce were established, we have no choice but to presume regularity in the proceedings below and affirm. *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384, 385 (1980).

{¶10} The first, second, and fourth assignments of error are overruled.

III.

{¶11} Appellant argues the trial court erred in denying his request to participate in the hearing by video or telephone.

{¶12} An incarcerated prisoner has no absolute due process right to attend a civil trial to which he is a party. *E.g., Pryor v. Pryor*, 4th Dist. Ross No. 09CA3096, 2009-Ohio-6670, 2009 WL 4862140, ¶ 29. "'A ruling on the request of an incarcerated criminal to prosecute a * * * civil action by requiring penal authorities to transport him to a preliminary hearing or trial rests within the sound discretion of the trial court.'" *Mancino v. City of Lakewood*, 36 Ohio App.3d 219, 221, 523 N.E.2d 332 (8th Dist. 1987). An abuse of discretion connotes that the court's attitude is arbitrary, unreasonable, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 140 (1983).

**{¶13}** The trial court inquired as to the ability of ODRC to allow Appellant to participate by video, and was informed a video hearing could not be accommodated. The trial court granted Appellant leave to participate in hearings by telephone if he was able to show proof from an agent of ODRC fourteen days prior to any scheduled hearings confirming telephone access. The trial court also notified Appellant if he presented his testimony by telephone, he must have a person authorized to administer oaths at his location. Appellant failed to avail himself of the procedure set forth by the trial court to allow him to participate by telephone. We find the trial court did not abuse its discretion in its provision for allowing Appellant access to the court.

**{¶14}** The third assignment of error is overruled.

V.

**{¶15}** In his fifth assignment of error, Appellant argues the trial court did not accord him the same rights afforded to heterosexual couples seeking divorce. The record does not establish Appellant's claim he was treated differently based on the fact this case involved a same-sex marriage.

**{¶16}** The fifth assignment of error is overruled.

VI.

**{¶17}** In his sixth assignment of error, Appellant argues the trial court's dismissal of the complaint for divorce constitutes cruel and unusual punishment. The Eighth Amendment's prohibition against cruel and unusual punishment is a concept applicable to criminal punishment, and does not apply to dismissal of the instant civil action.

**{¶18}**  The sixth assignment of error is overruled.

**{¶19}**  The judgment of the Perry County Common Pleas Court is affirmed.


By: Hoffman, P.J.

Wise, J.  and

Baldwin, J. concur