OPINION
Defendant-appellant James Sweet [hereinafter appellant] appeals from the August 31, 2000, Judgment Entry of the Domestic Relations Division of the Richland County Court of Common Pleas. Plaintiff-appellee is Rosella Sweet [hereinafter appellee].
 STATEMENT OF THE FACTS AND CASE
Appellant and appellee were married on October 19, 1999. Subsequently, on May 25, 2000, appellee filed a Complaint for Divorce. No children were born of the marriage. After service of the Complaint on June 13, 2000, appellant filed an Answer and Cross Complaint. On August 14, 2000, appellant, acting pro se, filed a Petition for Conciliation, a Request for Postponement of Hearing, an Amended Complaint to Convey to Trial and a Motion to Convey and/or a Motion to Appoint Counsel. On August 17, 2000, appellant filed a "Request for Answer to Cross Complaint." On August 28, 2000, a divorce hearing was held before the trial court. Thereafter on August 29, 2000, a Magistrate overruled appellant's Motion to Convey and/or Appoint Counsel, Petition for Conciliation, Amended Complaint to Convey to Trial, Request for Postponement of Hearing, and Request for Answer to Cross Complaint. On August 31, 2000, the trial court entered a Judgment Entry Decree of Divorce. The Judgment Entry granted appellee a divorce on the grounds of gross neglect of duty and the fact that appellant was incarcerated in a penal institution. It is from the trial court's grant of divorce that appellant prosecutes this appeal, raising the following assignments of error:
 ASSIGNMENT OF ERROR I THE TRIAL COURT ABUSED IT'S [SIC] DISCRETION WHEN THE COURT FAILED TO RESOLVE THE APPELLANT'S CLAIM'S [SIC] FOR RELIEF SUBMITTED IN APPELLANT'S COUNTER-CLAIM DENYING HIM DUE PROCESS; FULL ACCESS TO THE COURT'S [SIC]; AND RIGHT TO BE HEARD; OR RIGHT TO HAVE HIS CLAIM'S [SIC] FOR RELIEF ADJUDICATED.
 ASSIGNMENT OF ERROR II TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT GRANTED RELIEF ON CLAIM NOT RAISED IN APPELLEE'S ORIGINAL COMPLAINT OR RAISED IN AN AMENDED PLEADING.
 ASSIGNMENT OF ERROR III LOWER COURT'S JUDGMENT IN [SIC] DECREE FOR DIVORCE IS VOID DUE TO THE COURT'S FAILURE TO COMPLY WITH CIVIL RULE 53 IN NOTIFYING OR ALLOWING APPELLANT TO FILE OBJECTIONS TO THE MAGISTRATE'S DECISION.
 ASSIGNMENT OF ERROR IV DOES A MAGISTRATE HAVE AUTHORITY IN A DIVORCE PROCEEDING TO ISSUE AN ORDER IN DENYING A REQUEST FOR CONCILIATION, AND ALLOWING DIVORCE TO PROCEED BEFORE JUDGMENT IS ENTERED DENYING APPELLANT AN OPPORTUNITY TO APPEAL HIS ORDER.
This case comes to us on the accelerated docket. We further note that appellant has failed to provide this court with a transcript of the proceedings at the hearing. Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199 ("When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm.").
 I
In the first assignment of error, appellant argues that the trial court abused its discretion and violated appellant's due process rights by not allowing him to appear at the hearing and by failing to resolve his counterclaims. We disagree. First, we note that a divorce is a civil proceeding. As an incarcerated prisoner, appellant had no absolute due process right to attend a civil trial to which he was a party. Marcino v. Lakewood (1987), 36 Ohio App.3d 219, 221. The decision whether to allow the presence of an incarcerated party in a civil matter is within the sound discretion of the trial court. Kampfer v. Donnalley (1998),125 Ohio App.3d 359, 363. Whether a prisoner should be permitted to attend a civil trial in person depends upon the circumstances of each case. In Marcino, supra, the Cuyahoga County Court of Appeals recited nine factors to weigh in making the decision as to whether to permit an incarcerated party to attend a civil hearing: (1) whether the inmate's request to be present at trial reflects something more than a desire to be temporarily freed from prison; (2) whether the inmate is capable of conducting an intelligent and responsive argument; (3) the cost and convenience of transporting the inmate to court; (4) any security risk posed by the inmate's presence; (5) the substantiality of the litigated issues; (6) the need for resolution of those issues; (7) the possibility of delaying the trial until the prisoner is released; (8) the probability of success on the merits; and (9) the inmate's interest in presenting evidence in person, rather than via deposition.
Id. at 221-222 (citing Price v. Johnston (1948), 334 U.S. 266,284-285, overruled on other ground; Stone v. Morris (C.A.7, 1976),546 F.2d 730,735-736).
In the case sub judice, we find that the trial court did not abuse its discretion in denying appellant's Motion to Convey. The only reason given by appellant for his request to be conveyed to the hearing was his assertion that "he has a right to defend against any evidence that Plaintiff has yet to submit . . . I do have a right to be heard. . . ." According to appellant, he was previously convicted and incarcerated for rape. When appellant and appellee met, appellant was in a half-way house. However, subsequently, appellant violated his parole conditions when he fled the State of Ohio with appellee. While appellant contended that he left the State for good reason, upon his return his parole was revoked and he was returned to prison. Appellant asserted that he will be released in May 2001. While the trial court does not state its specific reasons for denying appellant's request, appellant may well have presented a security and/or flight risk. (See Marcino, factor 4.) Further, applying factors outlined in Marcino, a review of the record before this court does not present any issues that were so substantial as to require appellant's attendance. (See Marcino, factors 5 and 6.) Appellant and appellee had only been married approximately seven months when appellee filed for divorce. Appellant and appellee's property holdings appear rather modest and no children were born of the marriage. Further, it is questionable whether appellant could have conducted an intelligent and responsive argument. Appellant's motions to the trial court reflect a prurient interest in appellee's sexual behavior, the alleged possibility that appellee infected appellant with a venereal disease and arguments that appellee must still love appellee and is confused. (See Marcino, factor 2.) Lastly, we note that appellant claims he will not be released until May 2001, and that appellee was about to be incarcerated for 180 days for a DUI conviction. Therefore, it would have been reasonable for the trial court to reject the possibility of delaying the hearing until appellant was released from prison. (See Marcino, factor 7.) Pursuant to the record and appellant's contentions, we find that the trial court did not abuse its discretion in denying appellant's Motion to Convey. Next, appellant argues that the trial court erred when it failed to resolve appellant's counterclaims. The trial court's Judgment Entry, which granted appellee a divorce, rendered appellant's counterclaims moot. See Biehl v. Biehl (June 25, 1996), Washington App. No. 95CA14, unreported, 1996 WL 361191 (Counterclaims were rendered moot when trial court awarded divorce on grounds in complaint). Therefore, we find no prejudicial error. Appellant's first assignment of error is overruled.
 II
In the second assignment of error, appellant argues that the trial court committed prejudicial error when it granted appellee a divorce on grounds that were not stated in the Complaint nor raised in a written, amended pleading. Appellant contends that pursuant to Civ.R. 15(A), appellee was required to request permission of the trial court to amend her Complaint in order to add his incarceration to the list of grounds for the divorce. Appellant's Complaint requested a divorce on the following grounds: 1) Extreme Cruelty; 2) Gross Neglect of Duty; and 3) Incompatibility. In the Judgment Entry Decree of Divorce, the trial court found that appellant was "guilty of gross neglect of duty and [was] incarcerated in a penal institution and for those reasons [appellee] is entitled to a divorce. . . ." Appellant cites this court to Civ.R. 15 (A). When a party seeks to amend the complaint pursuant to Civ.R. 15(A), the party must have leave to amend a pleading once the other party has filed a responsive pleading. It is axiomatic that an error must be prejudicial to warrant a reversal of a judgment based upon that error. Ohio Life Ins. and Trust Co. v. James Goodin and Others (1860),10 Ohio St. 557, paragraph one of the syllabus; Smith v. Flesher (1967),12 Ohio St.2d 107. Where the asserted error is not prejudicial, it is merely harmless and does not constitute a basis for reversal. Civ.R. 61. It is uncontested that appellant was incarcerated at the time the Complaint was filed. The Complaint for Divorce was served upon appellant at the Richland County Correctional Institute. Appellant admitted his incarceration in his pleadings to the trial court and this court. Revised Code 3105.01(H) states that "[i]mprisonment . . . in a state . . . correctional institution at the time of filing the complaint" is a grounds for granting a divorce. Since it is uncontested that appellant was imprisoned in a Ohio correctional facility at the time the complaint was filed, appellant was not prejudiced when the trial court granted appellee a divorce on the grounds of his imprisonment. We find any error was harmless. Appellant's second assignment of error is overruled.
 III
In the third assignment of error, appellant contends that the trial court's Judgment Entry is void because the trial court failed to comply with Civil Rule 53. We disagree. Appellant alleges that appellee has informed him that the divorce hearing was held before a Magistrate, not a Judge. Appellant further asserts that the Divorce Decree was issued by that Magistrate. Appellant contends that since the hearing was held before a Magistrate, he should have been given an opportunity to file Objections to the Magistrate's Decision, pursuant to Civ.R. 53, before the Divorce Decree was adopted by the trial court. Therefore, appellant concludes that the Divorce Decree is void or voidable. We agree with appellant that had the hearing been held before a Magistrate, he would have had the opportunity to file Objections to the resulting Magistrate's Decision. See Civ.R. 53(E)(3)(a). However, a review of the record before this court does not support appellant's assertions. Appellant has failed to provide this court with a transcript which would have definitively reflected who presided over the hearing. However, the Divorce Decree is so titled (as opposed to being titled as a "Magistrate Decision") and is signed by the trial judge, not the Magistrate. Further, the Decree gives every indication that the hearing was held before the Judge and not the Magistrate. Therefore, we find appellant's argument is meritless. Appellant's third assignment of error is overruled.
 IV
In the fourth assignment of error, appellant asserts that the trial court erred when it failed to set a hearing on his Petition for Conciliation made pursuant to R.C. 3117.01 et seq. and proceeded with the divorce hearing while the Petition remained pending. This Court overrules this assignment of error. Upon the proper filing of a petition pursuant to R.C. 3117.01 et seq., a conciliation judge "shall fix a reasonable time and place for hearing the petition within thirty days after the date it is filed, and shall cause such manner of notice of the filing of the petition and the time and place for the hearing as he finds necessary to be given to the parties and respondents." R.C. 3117.06 (A). "Hearings and conferences in conciliation proceedings shall be held in private. The court shall exclude all persons except officers and employees of the court, the parties and respondents and their counsel, witnesses, and persons called to the aid of the court in the controversy. Conferences may be held with each party separately, and counsel for one party may be excluded from a hearing or conference when the other party is present without counsel." R.C. 3117.06(C). "During the period beginning with the filing of the petition for conciliation and continuing until expiration of any court order made pursuant to division (E) of section 3117.06 of the Revised Code, neither spouse may . . . proceed with any action for divorce . . ." The Magistrate in the case sub judice denied appellant's Petition for Conciliation, finding: [T]he Court takes notice of the current incarceration of Defendant, until, by Defendant's assertion, May 1, 2001. Defendant further asserts that Plaintiff is to be incarcerated for 180 days beginning October 15, 2000. Thus, Defendant requests the Court to order conciliation for parties who will be physically separated until May 1, 2001. Conciliation under these circumstances would, in the Court's view be impossible. Therefore, Defendant's `Petition' is denied.
Magistrate's Order, filed August 29, 2000. However, R.C. Chapter 3117, Conciliation of Marital Controversies, is: applicable only in counties in which the court of common pleas determines that social conditions and the number of domestic relations cases in the county render the conciliation procedures provided necessary to proper consideration of marital controversies. Such determinations shall be made by the judge of the court of common pleas in counties having only one such judge, or by a majority of the judges of the court of common pleas in counties having more than one such judge.
R.C. 3117.01. We find that the Richland County Court of Common Pleas was without authority to hear appellant's Petition. Pursuant to R.C.3117.01 et seq., conciliation is only available if the county's court of common pleas has adopted the provisions of the statute. In that our research indicates that Richland County's Court of Common Pleas has not adopted the statute's provisions, appellant could not seek redress pursuant to that statute. Therefore, the trial court had no authority to proceed with appellant's Petition and no choice but to deny appellant's R.C. Chapter 3117 Petition.
Therefore, appellant's fourth and final assignment of error is overruled.
The judgment of the Richland County Court of Common Pleas, Domestic Relations Division, is affirmed.
 _____________ Edwards, P.J.
Hoffman, J. and Boggins, J. concurs.