DEAN ET AL., APPELLEES, *v.* HARSHAW/FILTROL PARTNERSHIP ET AL., APPELLEES; KAHAN, APPELLANT.

(No. 54621—Decided November 21, 1988.)

*Nurenberg, Plevin, Heller & McCarthy Co., L.P.A., Richard L. Demsey* and *Joel Levin,* for appellee James O. Dean.

*Willacy & LoPresti* and *Salvatore J. LoPresti,* for appellee Harshaw/Filtrol Partnership.

*Anthony J. Celebrezze, Jr.,* at-

68

torney general, and *Patrick Lewis,* for appellee James L. Mayfield, Admr.

*Thomas E. O'Toole,* for third-party defendant-appellant David D. Kahan.

MARKUS, J. The plaintiff's former lawyer appeals from the denial of his motion to intervene in the plaintiff's personal injury case. He asserts that he had a right to intervene, in order to protect his claim for unpaid professional fees for this or related litigation. Without an assignment of the plaintiff's rights or a contractual lien on those rights, the lawyer was not a proper party in the pending case. Hence, we affirm the challenged ruling.

The lawyer does not claim that the plaintiff assigned any part of the plaintiff's rights to the lawyer. Nor does the lawyer claim that he has a lien on the plaintiff's rights in this action. He is simply a general creditor, like any other creditor whom the plaintiff might pay with any proceeds of this action. He would not be a proper party in this action, because he does not "assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction" as the plaintiff. See Civ. R. 20(A).

The lawyer may be able to attach the judgment or enforce an equitable lien against it, if he first obtains a judgment against the plaintiff for his own claim. Cf. *Lakeshore Motor Freight* v. *Glenway Industries* (1981), 2 Ohio App. 3d 8, 10, 2 OBR 8, 10-11, 440 N.E. 2d 567, 569-570; *Haberman* v. *Washington Public Power Supply System* (1987), 109 Wash. 2d 107, 155, 744 P. 2d 1032, 1064. However, he cannot intervene in the plaintiff's action against a defendant who owes the lawyer nothing.[1] *Lakeshore Motor*

*Freight* v. *Glenway Industries, supra.* He has no "interest relating to the property or transaction which is the subject of the action," only an interest in its proceeds. See Civ. R. 24(A).

Hence, the trial court properly denied the lawyer's motion to intervene. We overrule his single assigned error and affirm the contested ruling.

*Judgment affirmed.*

KRUPANSKY, P.J., and NAHRA, J., concur.

---

[1] The lawyer mislabeled his motion as a request to intervene as a third-party defendant. In fact, he would be an intervening plaintiff, if he had any right to intervene.