## MINOR CHILD OF ZENTACK

v.

## STRONG, Appellee;

## Sternberg and Zeid Co., L.P.A., Appellant.

[Cite as *Minor Child of Zentack v. Strong* (1992), 83 Ohio App.3d 332.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 61050.

Decided Oct. 26, 1992.

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, *Veronica Dever,* Assistant Prosecuting Attorney, and *Gerry Strong, pro se,* for appellee.

*Sternberg & Zeid Co., L.P.A., David J. Sternberg* and *Douglas P. Mesi,* for appellant.

HARPER, Judge.

I

On October 5, 1983, Debra Zentack filed a complaint in the Cuyahoga County Court of Common Pleas, Juvenile Division, to establish a parent/child relationship between Leanna Strong, born on July 14, 1982, and Gerry Strong, the alleged father of Leanna. A hearing was held before a referee on January 25, 1984, at which time a parent/child relationship was established.

On March 3, 1986, Debra filed a motion for custody of Leanna. Gerry failed to appear in court and the case was continued for personal service on Gerry. On June 25, 1986, a hearing was held with all parties present. Debra was granted

legal custody of Leanna and Gerry was granted visitation rights. Gerry was ordered to pay $20 per week for child support. He was also found to be in arrears in the amount of $1,040 and was ordered to pay $5 per week plus poundage to the Cuyahoga County Department of Human Services ("CCDHS").

On November 4, 1986, Debra filed a motion to show cause. On January 5, 1987, Debra's motion to show cause filed on November 4, 1986 was heard. Gerry was present. The court ordered Gerry to pay $25 per week plus poundage. The court further ordered Gerry's employer, Rush Plumbing Company, to deduct the $25 from Gerry's wages. The amount of arrears owed to CCDHS totalled $1,585.63. Gerry was sent the copy of the court's order on February 5, 1987.

On December 22, 1988 the court ordered the Ohio Bureau of Workers' Compensation ("bureau"), the successor income source for Gerry, to deduct and remit the sum of $25 per week to the Cuyahoga County Child Support Enforcement Agency ("CSEA"). On October 11, 1990, on Debra's motion, the court ordered the bureau to forward to CSEA the lump-sum amount payable to Gerry from his workers' compensation award to apply on the arrears owed to CSEA.

On November 13, 1990, appellant Sternberg & Zeid Co., L.P.A. filed a motion to intervene and a restraining order, which were overruled by the trial court.

Appellant appeals. Since the trial court properly denied appellant's motion, we affirm.

## II

Appellant, in its sole assignment of error, states:

"The court erred in denying appellant's motion to intervene and motion for restraining order."

Appellant advances three arguments in support of its assignment of error, and upon review, we find that appellant's arguments have no merit. Appellant argues that the trial court violated Ohio law by disregarding its "attorney's lien on the workers' compensation award." Appellant cites our decision in *Mancino v. Lakewood* (1987), 36 Ohio App.3d 219, 523 N.E.2d 332, to bolster its argument. This court held in *Mancino* at 223–224, 523 N.E.2d at 336–338:

"There is no statute in Ohio which either permits an attorney's lien on a client's judgment, decree or award, or provides a remedy for enforcement of such lien. However, Ohio courts recognize an attorney's equitable right to enforce such a lien[.]"

This equitable right can be enforced by the courts only in proper cases and not in every case. *Id.* The decision of what constitutes a proper case is left to the

sound discretion of the court of equity, the exercise of which should be based on the facts and circumstances of the case. A reviewing court should not reverse the equity court's decision unless there is an abuse of discretion. See *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482, 450 N.E.2d 1140, 1141. See, also, *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 172, 404 N.E.2d 144, 149. We must also emphasize that a party seeking equitable relief has the burden of providing the court of equity with every necessary evidence in aid of its contention:

" 'While, before judgment, an attorney has no lien upon or interest in the cause of action, in the absence of statute, *yet where the parties have contracted that the attorney shall receive a specified amount of the recovery, such agreement will operate as an equitable lien in favor of the attorney.*' " (Emphasis added.) *Mancino, supra,* 36 Ohio App.3d at 224, 523 N.E.2d at 337. See, also, *Foor v. Huntington Natl. Bank* (1986), 27 Ohio App.3d 76, 27 OBR 95, 499 N.E.2d 1297, paragraph two of the syllabus.

In the within case, appellant filed a motion to intervene with an affidavit alleging that "Gerry D. Strong agreed to pay Sternberg and Zeid Co., L.P.A. a contingent fee on the amount it recovered on his behalf." Appellant neither attached a copy of the contract nor an affidavit from Gerry confirming the existence of such agreement. We hold that a naked affidavit by an attorney, without a copy of the agreement of the parties or an affidavit of the attorney's client admitting to a contingent fee agreement, is insufficient as a matter of law to operate as proof of an equitable lien in favor of the attorney.

"Absent an assignment of his former client's rights or a contractual lien on those rights, an attorney may not intervene in his former client's personal injury case in order to protect his claim for unpaid professional fees in that case or in related litigation." *Dean v. Harshaw* (1988), 55 Ohio App.3d 67, 562 N.E.2d 940, syllabus.

The trial court, therefore, did not abuse its discretion in denying appellant's motion to intervene. See *Rhode Island Fedn. of Teachers v. Norberg* (C.A.1, 1980), 630 F.2d 850; *Hamler v. Marshall* (1986), 34 Ohio App.3d 306, 518 N.E.2d 575.

Appellant further argues that the trial court erred in denying its motion because "the attorney's charging lien has priority over all the other creditors of the claimant."

R.C. 3113.21(D)(2)(a) states as follows:

"If the court or the child support enforcement agency determines that the obligor is receiving workers' compensation payments, the court may issue an order requiring the bureau of workers' compensation or the employer that has

been granted the privilege of paying compensation directly and that is paying workers' compensation benefits to the obligor to withhold from the obligor's workers' compensation payments a specified amount for support in satisfaction of the support order, to begin the withholding one week after receipt of the order, and to continue the withholding at intervals determined by the court in its order until further order of the court. To the extent possible, the amount specified in the order to be withheld shall satisfy the amount ordered for support in the support order plus any arrearages that may be owed by the obligor under any prior support order that pertained to the same child or spouse, notwithstanding the limitations of section 4123.67 of the Revised Code. * * *"

Appellant, while admitting that the statute is plain on its face that CSEA can attach a claimant's lump-sum workers' compensation award to satisfy his child support obligation, argues that the failure of the legislature to assign priority of any liens attaching to the fund is conclusive of its intent to make an attorney's lien a priority over the CSEA lien.

We held *supra* that appellant did not affirmatively establish that it had a contractual lien on Gerry's workers' compensation award; however, assuming that a lien was established, it does not take priority over CSEA's attachment. By the authority of R.C. 3113.21(D)(2)(a), an order of the court requiring that an amount certain be withheld by a party's employer or the Bureau of Workers' Compensation to satisfy a child support obligation must take priority over all creditors' claims. We consider it incomprehensible that any legislature would pass a law requiring a man's support for his child to take a back stage to creditors' needs, no matter who the creditor might be. We also reject appellant's argument on priority, as we fail to see how the legislature by silence could make an attorney's lien a priority over a statutory lien, knowing that an attorney's lien is a creature of common law. If the legislature intended to create a statutory priority, it would have said so not by silence, but in writing.

We note that while this court may be the first in Ohio to address this issue, a majority of courts in other jurisdictions have consistently held invalid attorney liens filed against funds representing either child support or alimony, on public policy grounds. *Fuqua v. Fuqua* (1977), 88 Wash.2d 100, 558 P.2d 801; see, also, *Indell v. Tabor* (S.Ct.1920), 185 N.Y.S. 873; *Johnson v. Gerald* (1927), 216 Ala. 581, 113 So. 447; *Bucknam v. Bucknam* (1941), 347 Mo.1039, 151 S.W.2d 1097. Although a few courts have also allowed such liens, see *Taylor v. Stull* (1907), 79 Neb. 295, 112 N.W. 577, and *Hampton v. Hampton* (1935), 85 Utah 338, 39 P.2d 703, we, however, believe that the majority of the courts holding against the liens has a better understanding of the intent and purpose of child support legislation; therefore, we side with the majority and hold as did the *Fuqua* court that, "as a matter of public policy, statutory attorney's liens may not be asserted against

monies which represent payments for child support.  Any effort to assert such a lien is void, whether it be against funds in the hands of the clerk, the lawful custodian of the children, or an attorney." *Fuqua,* 88 Wash.2d at 106, 558 P.2d at 805.

Appellant's sole assignment of error is overruled.

For the reasons stated *supra,* the order of the trial court dismissing appellant's motion to intervene and for a restraining order is affirmed.

*Judgment affirmed.*

ANN MCMANAMON, P.J., and JAMES D. SWEENEY, J., concur.