OPINION
Appellant John Charles Burkhart appeals the decision of the Delaware County Court of Common Pleas which adjusted his child support obligation. The appellee is his former wife, Shari Lynn French. The facts giving rise to this appeal are as follows. The parties were married on December 27, 1986. Two children were born as issue of the marriage, both of whom are still minors. On September 5, 1996, appellee filed for divorce. Upon finalization of the divorce, a shared parenting plan commenced under the following terms: The Parties have shared parenting with respect to the children. During the school year, the Husband shall be the residential parent and legal custodian of the children on the following times:
 [E]very other Friday from Friday from after school or at Friday morning at 8:30 a.m., if there is no school, until Tuesday at the commencement of school unless there is no school in which case until Tuesday at 3:45 p.m. The husband's first weekend shall be Friday February 28, 1997.
 [E]very other Monday from Monday from after school or at Monday morning at 8:30 a.m., if there is not school until Tuesday at the commencement of school unless there is no school in which case until Tuesday at 3:45 p.m.
The Husband shall make sure that Lara attends acrobatics class each Monday through the recital in June of 1997.
The Wife shall be the residential parent and legal custodian of the children at all other times during the school year.
During the summers, the Parties shall alternate custody on a week to week basis commencing and ending on Mondays at 8:30 a.m. The Parties shall arrange the weeks of the summer of 1997 so that the Wife has the children during her scheduled vacation in July of 1997.
In addition, appellant was ordered to pay $383.93 per month in child support.
On January 23, 1998, appellant filed a motion to reallocate time under the plan. On April 27, 1998, appellee filed her own motion to reallocate time, as well as a motion to modify child support. The matter came on for evidence on March 4, 1999. The magistrate produced a twenty-five page decision, the majority of which is a well-researched review of varying approaches to adjusting child support in shared parenting situations. The magistrate declined to alter the shared parenting arrangement, but did increase appellant's support obligation to $600 per month. Upon objection, the trial court upheld the magistrate's decision. Appellant timely appealed and herein raises the following two assignments of error:
 I. THE TRIAL COURT ERRED REGARDING THE COMPUTATION OF PRESUMPTIVE CHILD SUPPORT REGARDING THE PARTIES' SHARED PARENTING PLAN. SPECIFICALLY, THE TRIAL COURT ERRED BY FAILING TO ORDER THE APPELLEE-MOTHER TO PAY HER PRESUMPTIVE CHILD SUPPORT (AS INDICATED ON LINE 24 OF THE SHARED PARENTING WORKSHEET) OR, IN THE ALTERNATIVE, BY SUBTRACTING THE LOWER PRESUMPTIVE CHILD SUPPORT FROM THE HIGHER PRESUMPTIVE CHILD SUPPORT TO OBTAIN A NET CHILD SUPPORT ORDER.
 II. THE TRIAL COURT ERRED BY GRANTING THE APPELLEE A DEVIATION REGARDING HER PRESUMPTIVE CHILD SUPPORT (AS INDICATED IN LINE 24 OF THE SHARED PARENTING WORKSHEET) WITHOUT DETERMINING THAT SUCH A DEVIATION WOULD BE UNJUST OR INAPPROPRIATE AND WOULD NOT BE IN THE BEST INTEREST OF THE CHILDREN AND WITHOUT MAKING ANY FINDINGS OF FACT SUPPORTING THOSE DETERMINATIONS.
 I.
In his first assignment of error, appellant asserts as error the trial court's method of calculating child support. In Booth v. Booth (1989), 44 Ohio St.3d 142, the Supreme Court of Ohio determined an abuse of discretion standard is the appropriate standard of review in matters concerning child support. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. The incomes of the parties are not in dispute. Both are employed by Lucent Technologies and received bonuses in 1996, 1997, and 1998. Appellant's income, including his average bonus, is $76,427 per year, less $1,528 in local income taxes. Appellant was also deemed entitled to an adjustment of $5500, per line eight of the worksheet, for minor children in his household born to him and another parent. Appellee's annual income, including her average bonus, is $84,476, less $1,689 in local income taxes. She also expends $1,200 in annual child care expenses and $396 in annual out-of-pocket health insurance expenses for the children. According to the Ohio Support Guidelines, appellant's support obligation is $895.57 per month absent any deviation, while appellee's would be $935.34 per month. Both parties in this appeal seek to rely on Pauly v. Pauly (1997),80 Ohio St.3d 386, in support of their respective positions. Appellant invokes the Supreme Court's recitation therein of R.C.3109.04(K)(6), the statutory directive that both parents are to be considered residential parents at all times under a shared parenting arrangement. See Pauly at 388-389. Thus, appellant contends, that neither party is a nonresidential parent for support purposes, and the use of the "sole custody calculation with deviations" method, as labelled by the magistrate, is inherently improper. In contrast, appellee notes Pauly nevertheless clearly directs that R.C. 3113.21.5(B)(6), the shared parenting support subsection, "does not provide for an automatic credit in child support obligations under a shared parenting order." Id., syllabus. Thus, appellee maintains, the trial court properly rejected an automatic offset approach to calculating support. In analyzing this issue, we are compelled to review the First District's effort to resolve the above tension in Weinberger v. Weinberger (May 15, 1998), Hamilton App. No. C-970552, unreported, which holds: R.C. 3113.21.5(B)(6)(a) states that in cases where shared parenting is ordered, "the court shall order an amount of child support to be paid under the child-support order that is calculated in accordance with the" worksheet set forth in R.C. 3113.21.5(E). In light of the Ohio Supreme Court's holding in Pauly that the exclusion of the residential parent's support from the child-support order pursuant to R.C. 3113.21.5(C) does not apply to shared-parenting arrangements, it follows that both parents in a shared-parenting arrangement should be ordered to pay support in accordance with the worksheet.
Here, the trial court found that Cathy [the mother] was the residential parent and Barrett [the father] the obligor, a finding that we hold erroneous. Neither is entitled to the R.C. 3113.21.5(C) presumption that his or her support obligation is spent on the children. Rather, both of their obligations must be included in the order. Id. at 2.
However, we are unpersuaded by the reasoning expressed in Weinberger. While we recognize the meager nature of legislative directive in specifically addressing "50/50" shared parenting support orders, the "Sole Residential Parent or Shared Parenting Order" computation worksheet of R.C. 3113.21.5(E) does not explicitly authorize the offset technique suggested by appellant. Given the protracted but carefully crafted wording of the overall procedures for establishing support under R.C. 3113.21.5, we must conclude that had the General Assembly intended to mandate such an offset principle for shared parenting situations, we would find such guidance in the text. See, e.g., Minor Child of Zentack v. Strong (1992), 83 Ohio App.3d 332, 336. Furthermore, Pauly does not stand for the principle of mandatory shared parenting offset. Rather, making the adjustments for shared parenting within the parameters of deviation "permits a court to make an evaluation on a case-by-case basis and to deviate when it finds it is in the best interest of the child." Pauly at 389. Our reasoning herein is further supported by the Supreme Court's approval, pursuant to Pauly, of the Sixth District's holding in Blessing v. Blessing (Jan. 10, 1997), Ottawa App. No. OT-96-016, unreported. See Blessing v. Blessing (1997), 80 Ohio St.3d 428. In that case, the trial court ordered appellant-father to pay appellee-mother child support in the amount of $269.07 per month, based on appellant's gross annual earnings of $12,216 from social security disability income and appellee's gross annual earnings of $0. The guideline support would have been $384.39 per month; however, in light of the parties' shared parenting arrangement, the magistrate adjusted the figure by thirty percent during his or her consideration of deviation factors. Id. at 6. Thus, the shared parenting adjustments were maintained within the realm of deviation, keeping the best interests of the child paramount. Therefore, until such time as the General Assembly provides more guidance, such as a statutory "parenting time adjustment" plan, we hold that a trial court maintains the discretion whether to accommodate the best interests of children under shared parenting plans by applying either a Weinberger-type offset formula, or calculating a guideline order using the "sole custody calculation with deviations" method as in the case sub judice. Review of either method would remain subject to a standard of review of abuse of discretion. Appellant further argues that a guideline deviation approach in these types of circumstances forces the trial court to initially grant to the parent chosen as the "residential" parent the presumption that his or her support obligation is spent on the child. This, he argues, results in a presumption not recognized under R.C. 3113.21.5(B)(6)(a), and creates an improper windfall to the "residential" parent, such that there will "always be a `big winner' and a `big loser.'" Appellant's Brief at 23. As per our discussion above, we disagree; however, any court order deviating from the applicable worksheet and the basic child support schedule must be entered by the court in its journal, and must include findings of fact to support such determination. Marker v. Grimm (1992), 65 Ohio St.3d 139, paragraph three of the syllabus. It follows that the trial court must likewise state specific facts in support of any decision to initially designate a non-residential, i.e., "obligor" parent for completion of the child support worksheet in shared parenting cases, when using a "sole custody calculation with deviations" method. Upon review of the journal entries in the record, we find that the trial court in the case sub judice failed to state such facts, therefore we remand on those grounds. However, we find no impropriety per se in the method chosen by the trial court in calculating support. Appellant's First Assignment of Error is sustained in part. The matter is remanded to the trial court with directions to state with particularity the facts supporting its decision to effectively designate appellant as the obligor parent for guideline child support calculation purposes.
 II.
In his Second Assignment of Error, appellant contends that the trial court erred by granting appellee a deviation regarding her respective child support obligation without making the necessary findings of fact to support those determinations. In accord with our holding in appellant's First Assignment of Error, we agree. To deviate from the child support guidelines in the statute, the trial court must make findings of fact to support the deviation and must find that the statutorily prescribed amount is unjust or inappropriate and not in the best interest of the child. R.C. 3113.21.5(B)(1); Marker, paragraph three of the syllabus; Frank v. Frank (Oct. 18, 1999), Morrow App. No. CA 872, unreported. The magistrate did not specify why a deviation to $600 per month was in the best interests of the children, or why the original amounts of $935.34 and $895.57 were unjust or inappropriate. Although we could presume that this was based on appellant's parenting time, Marker prevents such speculation by an appellate court. The trial judge attempted to correct this by broadly invoking "other factors" set forth in section 3113.21.5(B)(3), making only an indeterminate reference to the amount of time that the children spend with appellant. Judgment Entry, June 18, 1999, at 4. We find this general assessment to be insufficient under Marker. Appellant's Second Assignment of Error is sustained. The matter is remanded to the trial court with directions to state with particularity the facts supporting its decision to deviate from its guideline calculation.
For the reasons stated in the foregoing opinion, the decision of the Court of Common Pleas, Delaware County, is hereby affirmed in part and reversed in part. We affirm the trial court's decision to apply a deviation-based approach to this shared parenting arrangement, however, we remand for the necessary findings of fact as directed above.
HOFFMAN, P.J. and READER, V.J. CONCUR.