DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Lucas County Court of Common Pleas that granted summary judgment in favor of appellee Kenneth Mickel and dismissed appellant's claims against appellee. For the reasons that follow, this court affirms the decision of the trial court.
Appellant John G. Rust sets forth the following assignment of error:
 "THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN GRANTING DEFENDANT MICKEL'S MOTION FOR SUMMARY JUDGMENT FOR THE FACTS, LEGAL CLAIMS AND CASES CITED BELOW SHOWED QUESTIONS OF FACT FOR A JURY ON EACH SEPARATELY, AND COLLECTIVELY:
 "A. FOR A CHARGING LIEN, UNDER CHAPMAN v. LEE, 45 OHIO ST. 356, AND OTHER PRECEDENTS;
 "B. FOR A VALID PARTIAL ASSIGNMENT OF A CONTRACT CLAIM FOR MR. RUST'S FEE, UNDER BOGGESS COAL AND SUPPLY CO. v. CONTINENTAL CLAY CO., 128 OS 148 (1934);
 "C. FOR DEFENDANT'S JOINING TOGETHER INTENTIONALLY TO INTERFERE WITH ATTORNEY'S LEGAL RIGHTS ENFORCEABLE IN COURT FOR A CONTRACTUAL, ETHICAL, AND LAWFUL RIGHT TO BE PAID, WHICH RIGHTS VESTED WHEN RECOVERY OR SETTLEMENT WAS HAD ON THE UNINSURED MOTORIST CONTRACTUAL CLAIM, AS SUPPORTED BY SIEGEL v. ARTER HADDEN (1999) 85 OHIO ST. 3d 171, INVOLVING LAWYERS; SICILIANO V. FIREMANIS (sic) FUND INS. CO., 133 Cal. Rpt R. 376;
 "D. AND FOR DENYING DISCOVERY ON ALL THE POINTS MENTIONED ABOVE."
The facts that are relevant to the issues raised on appeal are as follows. In 1992, Molly Harris-Gordon hired appellant, a licensed attorney, to pursue an uninsured motorist claim against her insurer, Castle Insurance Company ("Castle"). According to appellant, he and Harris-Gordon entered into a one-third contingency agreement for the payment of his legal fees. Harris-Gordon eventually terminated appellant as her attorney and hired attorney Kenneth Mickel, who was able to negotiate a monetary settlement of Harris-Gordon's claims. In 1997, appellant brought suit against Harris-Gordon and Castle for what he considered to be his portion of the legal fee. Service was never obtained against Harris-Gordon and she was eventually dismissed from the suit. Appellant's claims against Castle arose from Castle's refusal to honor what he termed his "charging attorney's lien" for a portion of the settlement between Castle and Harris-Gordon. Castle eventually moved for summary judgment, arguing that no such lien arose as a matter of law. The trial court granted summary judgment in favor of Castle, holding that "Ohio law is clear that an attorney does not have a lien upon a settlement fund absent an agreement between the insurance company and the attorney." The trial court noted that it was "* * * undisputed that Rust had never notified Castle of his claim for fees let alone reach an agreement with Castle to pay Rust his fees * * *" and that "* * * Gordon never assigned any portion of her claim to Rust to secure his fees nor did she consent to a lien on Rust's behalf." Appellant appealed the trial court's decision and this court subsequently affirmed, holding that appellant had failed to demonstrate a charging lien as a matter of law and that "* * * without a statutory lien or agreement with the insurer, there is no authority under Ohio law for a party other than a claimant to receive funds in the hands of an insurance company." Rust v.Harris-Gordon, et al. (Aug. 21, 1998), Lucas App. No. L-97-1415, unreported. Appellant filed a motion for reconsideration which this court denied on September 3, 1998 and filed an appeal with the Supreme Court of Ohio which was dismissed on February 3, 1999. (Case No. 98-2172)
On February 6, 1998, appellant filed suit against Harris-Gordon and Mickel on the same theory as that used against Harris-Gordon and Castle in the first case. Mickel responded that he had never agreed to pay appellant's fee and therefore had no obligation to direct any funds to appellant. On February 16, 1999, Mickel filed a motion for summary judgment which was granted by the trial court on July 22, 1999. The trial court found that appellant was seeking an attorney's lien on a settlement fund that was not acquired before his employment was terminated and that, as a result, there was no fund upon which appellant's alleged lien could attach. The trial court further found that there was no evidence in the record that Mickel made any agreement with appellant to pay appellant his fees. The trial court continued: "When an assignment of a share of the funds received exists between a client and an attorney, the attorney's legal remedy is through the client and not through the party releasing the funds to the client. See Pennsylvania Co. v.Hatcher (1908), 78 Ohio St. 175." The trial court concluded that appellant's claim should be against Harris-Gordon and not Mickel. It is from that judgment that appellant appeals. Appellee Mickel responds to appellant's claimed errors and also asks this court to impose sanctions against appellant pursuant to App.R. 23 or, alternatively, to find that appellant is a "vexatious litigator" pursuant to R.C. 2323.52. We will first address appellant's claimed errors.
Appellant first asserts the existence of a valid "attorney's charging lien" against Mickel. As has been repeatedly stated by this court and the trial court in this case, there must be an express agreement between the attorney and client in order for a valid attorney's lien or charging lien to exist. MinorChild of Zentak v. Strong (1992), 83 Ohio App.3d 332, 335. There is absolutely no evidence in the record that Castle, Harris-Gordon or Mickel agreed to pay any portion of the settlement proceeds to appellant. As we stated in our 1998 decision in Rust v.Harris-Gordon, et al., supra, "* * * a mere assertion of the agreement, absent submission of a writing, is insufficient as a matter of law to give rise to the lien."
Appellant also states that he "* * * could assert a partial assignment of Mrs. Gordon's Uninsured Motorist Claim * * *" and that "* * * there can be no credible doubt that at a Trial, or on Summary Judgment Plaintiff Rust could produce such a document * * *." Again, there is no evidence in the record to support a claim that appellant secured a "partial assignment" of the settlement proceeds negotiated by Mickel and this argument is without merit.
Next, appellant asserts that Harris-Gordon and Mickel joined together to intentionally interfere with his legal rights and "acted with the intent to secure as much money as each could for herself and himself" at the expense of appellant's contractual rights. Appellant, however, does not support his claim with evidence of a contract between himself and either party with which anyone might arguably have interfered. This argument is without merit.
Finally, appellant asserts that the trial court erred by denying relevant and necessary discovery. Appellant does not support this claim by specifying what requests for discovery may have been denied, or cite to any specific rulings of the trial court denying those requests. See App.R. 16(A)(7). This argument is without merit.
Upon consideration of the foregoing, this court finds that appellant's sole assignment of error is not well-taken.
Appellee's Request for Sanctions
Appellee seeks sanctions against appellant as part of this appeal, arguing that there are no grounds to support appellant's claims and that appellant's pursuit of this case on the same set of theories and facts as the previous appeal is unwarranted.
App.R. 23 states that "[i]f a court of appeals shall determine that an appeal is frivolous, it may require the appellant to pay reasonable expenses of the appellee including attorney fees and costs." A frivolous appeal is one that presents no reasonable question for review. Talbott v. Fountas (1984),16 Ohio App.3d 226. "`Sanctions under App.R. 23 serve two vital functions: they compensate the nonappealing party for the expense of having to defend a spurious appeal and, by deterring frivolity, they help preserve the appellate calendar for cases truly worthy of consideration.'" Tessler v. Ayer (1995), 108 Ohio App.3d 47,58, quoting Nwabara v. Willacy (May 6, 1994), Cuyahoga App. No. 65450, unreported.
Upon careful consideration of the record in this case, we decline to find appellant to be a "vexatious litigator." We do, however, find that this appeal is frivolous as it is basically a "rehashing" of arguments raised and addressed in the case against Harris-Gordon and Castle in the trial court and in the appeal in that case and presents no reasonable question for review. The issues raised by appellant have been addressed and ruled on clearly and unambiguously twice by the trial court and once by this court. Therefore, pursuant to App.R. 23, we find the instant appeal frivolous and order appellant to pay the reasonable expense of appellee, including attorney fees and costs. Appellee may submit evidence by way of affidavit regarding the costs, including attorney fees, incurred in this appeal, within seven days of the judgment entry herein. Appellant may submit counter affidavits concerning the amount of reasonable attorney fees and costs within fourteen days after judgment is entered herein. This court will then determine the amount to be assessed against appellant.
On consideration whereof, this court finds that substantial justice was done the party complaining and the judgment of the Lucas County Court of Common Pleas is affirmed. Costs of this appeal are assessed to appellant.
 _____________________ Peter M. Handwork, J.
James R. Sherck, J., Richard W. Knepper, P.J., Concur.