DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from the judgment of the Erie County Court of Common Pleas which, on April 14, 2003, ordered disbursement of funds held by the clerk of court to appellee, Whirley of Ohio, Inc., f.k.a. Sandusky Plastics, Inc. ("Whirley"). For the reasons that follow, we affirm the decision of the trial court.
 {¶ 2} This case has a long and protracted procedural history. In summary, this matter was originally filed as a wrongful death action relating to the 1987 death of Terry Garrett, Jr., appellant's son, who died as a result of injuries he sustained in a wave-action pool in Sandusky, Ohio. Following a jury trial in September 1989, appellant, Terry Garrett, Sr., received judgment against the city of Sandusky in the amount of $75,000.[1]
 {¶ 3} Prior to trial, Whirley intervened and filed a complaint and cross-claims against the parties in the lawsuit to recover the medical expenses it paid on behalf of the decedent. Appellant never filed a response to Whirley's complaint/cross-claim and eventually, in December 1990, a default judgment was entered against appellant in favor of Whirley in the amount of $75,000.
 {¶ 4} Following this court's affirmance of the verdict against the city of Sandusky, see Garrett v. City of Sandusky
(Feb. 14, 1992), Erie App. No. E-91-5, the trial court ordered that the city deposit with the clerk of court the sum of $85,686.99, in satisfaction of the judgment entered against it, plus interest to date. The May 15, 1992 order of the trial court stated that "the monies so deposited with the clerk herein shall not be disbursed until all matters in this case pending before the Ohio Supreme Court have been finally resolved at which time the parties herein may petition this court for refund or disbursement of these funds as may be appropriate in accordance with the supreme court's disposition of the appeal and cross-appeal."
 {¶ 5} To collect on its judgment against appellant, on February 17, 1994, immediately following the Ohio Supreme Court's affirmance of appellant's verdict against the city of Sandusky,Garrett v. City of Sandusky (1994), 68 Ohio St.3d 139, Whirley filed a motion requesting that all funds on deposit with the clerk be disbursed to Whirley. Appellant objected to Whirley's request and, on September 27, 1995, filed a motion to vacate the 1990 default judgment entered against him. The trial court denied appellant's motion to vacate and the matter was appealed to this court. During the pendency of that appeal, appellant's counsel, Geoffrey L. Oglesby, was permitted to withdraw on the basis that Oglesby's and appellant's interests were "now adverse." New counsel entered an appearance on behalf of appellant to conclude that appeal.
 {¶ 6} We affirmed the trial court's denial of appellant's motion to vacate the default judgment against him. See Garrettv. City of Sandusky (May 23, 1997), Erie App. No. E-96-047. We held that appellant never opposed Whirley's motion to intervene, thereby barring him from raising any issue regarding Whirley's intervention; that appellant was properly served with Whirley's complaint and cross-claim; and that the general division of the common pleas court, rather than the probate court, had subject matter jurisdiction to distribute the proceeds of this wrongful death claim. Id. On October 15, 1997, the Ohio Supreme Court declined to accept jurisdiction.
 {¶ 7} No action was taken by the trial court regarding Whirley's February 17, 1994 motion for distribution. In 2002, the Ohio Supreme Court assigned Judge Lawrence A. Grey to conclude this matter. On November 7, 2002, Whirley filed a second motion requesting that the deposited funds be disbursed to it.
 {¶ 8} On November 18, 2002, George Evans, with the law firm of Oglesby Oglesby, filed a notice of attorney lien and expenses.[2] This notice stated that the firm of Oglesby 
Oglesby "was one of the duly authorized law firms designated by the Erie County Probate Court to represent the estate of young Mr. Garrett, Jr. and as such has accounting duties and other disbursement duties relative to the estate once the proceeds become available." Without specifying the amount to which the law firm was allegedly entitled, the notice merely stated that "these fees are the property of the attorney and the law firm that represented Mr. Garrett and would come to that firm prior to any alleged attachment, proper or otherwise."
 {¶ 9} On January 10, 2003, Attorney Evans also filed a motion for disbursement of funds. Evans asserted that Whirley did nothing to generate the funds which it seeks to attach. Insofar as Mr. Oglesby, and ostensibly his firm, did the work to generate the fund, the firm argued that it was entitled to recoup its legal fees and expenses prior to any other attachment. Evans implied that there was a contingent fee arrangement between appellant and Mr. Oglesby; however, no evidence of such an agreement was provided.
 {¶ 10} On March 21, 2003, a hearing was held on the issue of disbursement of the funds. Arguments were made by counsel for both sides. Given that the firm did not assert a lien on appellant's judgment until 2002, more than 13 years after the appellant's 1989 trial, the trial court questioned whether Oglesby Oglesby even had a valid lien for attorney fees. Additionally, because Whirley established its judgment against appellant "a way long time ago, long before the attorney lien," the trial court found that even "if it were a valid lien, it would be, at best, second to the claim of [Whirley]."
 {¶ 11} After the trial court made its findings, appellant made statements to the court, but never mentioned any alleged contingent fee agreement between him and the law firm. Evans then proffered that, if permitted, Mr. Oglesby would testify that there was a contingent fee agreement between him and appellant which provided that, subsequent to appeal, Oglesby was to collect 49 % percent of any award. In addition, Evans proffered a memorandum which ostensibly would describe the nature and extent of the alleged contingent fee agreement. This memorandum, however, was not the actual alleged agreement and, although the trial court instructed Evans to have the proffered memorandum file-stamped, there is no memorandum in the record and no reference is made to one on the court's journal.
 {¶ 12} In its April 14, 2003 judgment entry, the trial court held the following:
 {¶ 13} "This court finds that the default judgment in this case is against the plaintiff, Terry Garrett Sr., in his individual capacity. This Court further finds that the judgment and jury verdict against the city of Sandusky, and the proceeds thereon, and as deposited with the clerk of court, are not an asset of the estate of Terry Garrett Jr. This court further finds that the law firm of Oglesby Oglesby does not have a valid lien for attorney fees against the proceeds on deposit with the clerk of court, and in any event, such lien has not been timely asserted and is subordinate to the claim and lien of the intervenor plaintiff.
 {¶ 14} "It is therefore ordered, adjudged and decreed that the motions to disburse of the intervenor plaintiff are granted, that the motion of the plaintiff to disburse is denied. The clerk of this court shall disburse the sum of $85,686.99, with any accrued interest, to Whirley of Ohio, Inc., in care of its counsel * * *."
 {¶ 15} Appellant appealed the judgment of the trial court and raises the following assignments of error:
 {¶ 16} "Assignment of Error No. 1
 {¶ 17} "The court erred and abused its discretion by not appropriately disbursing funds to the parties and properly disbursing attorney fees.
 {¶ 18} "Assignment of Error No. 2
 {¶ 19} "The court erred by allowing the intervenor in the plaintiff's case in chief and not allowing for any payment of proper fees by the co-administrator."
 {¶ 20} In his first assignment of error, appellant argues that the attorneys representing the estate at the time of trial and during appeal had a lien for attorney fees and expenses on the judgment he obtained against the city of Sandusky. Appellant argues that the money should be transferred to the estate to allow the estate to dispose of this lien. Alternatively, appellant argues that the money should be released to the law firm of Oglesby Oglesby for the firm to take out its legal fees and expenses and then disburse the remaining amount as ordered by the court.
 {¶ 21} Appellant argues that an attorney's lien is founded on the equitable principle that an attorney is entitled to be paid his fees out of the judgment rendered in the case. Appellant further argues that such a lien has priority over any other lien or interest.
 {¶ 22} First, we note that the issue of whether the probate court has jurisdiction over the disbursement of the funds held on account is a matter already disposed of by this court. SeeGarrett v. City of Sandusky (May 23, 1997), Erie App. No. E-96-047. We clearly stated that the general trial division has jurisdiction to dispose of these funds. Second, we find that the trial court did not abuse its discretion in determining that the law firm of Oglesby Oglesby did not have a valid lien for attorney fees against the proceeds on deposit with the clerk of court, albeit for other reasons than those stated by the trial court.
 {¶ 23} Appellant is correct that, in general, Ohio courts recognize an attorney's equitable right to enforce a lien on a client's judgment, decree or award, for payment of attorney fees earned in the prosecution of litigation to judgment, and will lend their aid to maintain and enforce such a lien. See Mancinov. City of Lakewood (1987), 36 Ohio App.3d 219, 224. A lien against the client's judgment for payment of attorney fees is called a charging lien. Putnam v. Hogan (1997),122 Ohio App.3d 351, 354. Charging liens have been described as follows:
 {¶ 24} "`A special or charging lien may be created by an express agreement on the part of the client that the attorney shall have a lien for his compensation on the amount recovered. While, before judgment, an attorney has no lien upon or interest in the cause of action, in the absence of statute, yet where the parties have contracted that the attorney shall receive a specified amount of the recovery, such agreement will operate as an equitable lien in favor of the attorney.'" Mancino, supra at 224, citing, 6 Ohio Jurisprudence 3d (1978), Attorneys at Law, Sections 178-179, at 721-722; Section 183, at 725; and Foor v.Huntington Natl. Bank (1986), 27 Ohio App.3d 76.
 {¶ 25} Charging liens are generally superior to those of other creditors. Szymczak v. Szymczak (Sept. 12, 2002), Cuyahoga App. No. 79109, citing, Cohen v. Goldberger (1923),109 Ohio St. 22. However, only in proper cases will an attorney be able to enforce his equitable right to recover pursuant to a charging lien. See Mancino, supra at 224. "The decision of what constitutes a proper case is left to the sound discretion of the court of equity, the exercise of which should be based on the facts and circumstances of the case." Minor Child of Zentack v.Strong (1992), 83 Ohio App.3d 332, 334-335. A reviewing court should not reverse the equity court's decision unless there is an abuse of discretion. See Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 26} The party seeking equitable relief has the burden of providing the court of equity with every necessary evidence in aid of its contention. Zentack, supra at 335. Insofar as a charging lien may be created by an express agreement on the part of the client, the attorney seeking equitable relief pursuant to his lien must establish the existence of the contract between him and his client. See Id. "[A] naked affidavit by an attorney, without a copy of the agreement of the parties or an affidavit of the attorney's client admitting to a contingent fee agreement, is insufficient as a matter of law to operate as proof of an equitable lien in favor of the attorney." Id.
 {¶ 27} In this case, although Evans asserted that Oglesby and appellant had a contingent fee agreement between them, no written agreement was entered into evidence and appellant never testified as to its existence. Accordingly, we find that appellant, and the law firm seeking to enforce its alleged lien, failed to establish the existence of any contingent fee agreement. The absence of the existence of an actual fee agreement is fatal to any claim the law firm may have had for attorney fees in this case. We therefore find that the trial court did not err in awarding the entire amount on deposit to Whirley, which has a valid and enforceable judgment against appellant. Appellant's first assignment of error is therefore found not well-taken.
 {¶ 28} Appellant argues in his second assignment of error that the trial court erred in allowing Whirley to intervene into appellant's case, that the money on deposit with the clerk must be distributed by the probate court, and that Whirley did not have a lawful right of subrogation against appellant. We have already determined each of appellant's arguments in Garrett v.City of Sandusky (May 23, 1997), Erie App. No. E-96-047. As such, any further arguments in regard to these issues are barred by the doctrine of res judicata. Appellant's second assignment of error is therefore found not well-taken.
 {¶ 29} On consideration whereof, the court finds substantial justice has been done the party complaining and the judgment of the Erie County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, P.J., Richard W. Knepper, J., Judith AnnLanzinger, J. Concur.
[1] Prior to trial, all other plaintiffs, except for appellant, had settled their claims against the city of Sandusky.
[2] Appellant's former counsel, Geoffrey Oglesby, had been permanently suspended from the practice of law by this time. SeeDisciplinary Counsel v. Oglesby (2000), 90 Ohio St.3d 455.