DECISION AND JUDGMENT ENTRY
{¶ 1} This accelerated appeal is from the April 27, 2007 judgment of the Sandusky County Court of Common Pleas, Probate Division, which denied the motion of appellant, Stephen E. Cottrell, to intervene in the Guardianship of Jerry L. Chambers to assert a claim for breach of contract. Upon consideration of the assignments of error, we reverse the decision of the lower court. Appellant asserts the following single assignment of error on appeal:
 {¶ 2} "The Trial Court erred by denying Appellant's Motion to Intervene." *Page 2 
 {¶ 3} Pursuant to Civ.R. 24, appellant sought to intervene in the matter of the Guardianship of Jerry L. Chambers in order to recover attorney fees and expenses incurred in connection with the proposed settlement of a bodily injury claim of the ward. On appeal, appellant indicated that he had sought to intervene as a matter of right pursuant to Civ.R. 24(A). Appellant had initially filed the lawsuit on behalf of Mr. and Mrs. Chambers but was discharged in June 2005 after performing more than 200 hours of legal service. In July 2005, the case was voluntarily dismissed by the Chambers' new attorneys and appellant. The Chambers' new attorneys re-filed the lawsuit and a proposed settlement was pending at the time of appellant's motion to intervene. Appellant argued in his motion that his claim to recover the cost of his legal services rendered prior to his dismissal should be determined by the probate court as part of the settlement proceedings. The next day, the trial court denied the motion without a hearing. The probate court approved the settlement and distribution of the proceeds on April 27, 2007.
 {¶ 4} Since intervention as of right under Civ.R. 24(A) is a question of law, an appellate court reviews a trial court's ruling on the motion under a de novo standard of review. Univ. Hosp. of Cleveland, Inc. v.Lynch (2002), 96 Ohio St.3d 118, 2002-Ohio-3748, ¶ 44 — 47, andKorenko v. Kelly's Island Park Develop. Co., 6th Dist. No. E-06-029, 2007-Ohio-2145, ¶ 17. Review of the trial court's determination of the timeliness of the motion is a based upon an abuse of discretion standard. University Hospital, supra. Appellee argues that the motion was untimely, but there is nothing in the court's order that suggests that the court was dismissing the motion on this basis.
 {¶ 5} To intervene in a case as a matter of right, the movant must file a timely application and show, pursuant to Civ.R. 24(A)(2), that: (1) the movant "claims an interest *Page 3 
relating to the property or transaction that is the subject of the action;" (2) "disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest;" and that (3) "the applicant's interest is [not] adequately represented by existing parties." Generally, Civ.R. 24(A) has been liberally construed to allow intervention. State ex rel. LTV Steel Co. v. Gwin (1992),64 Ohio St.3d 245, 247.
 {¶ 6} Civ.R. 24(C) also requires that the motion "shall be accompanied by a pleading, as defined in Civ.R. 7(A), setting forth the claim or defense for which intervention is sought." Appellant did not attach such a pleading to his motion to intervene. It is clear from the motion that appellant seeks to file a claim to recover the cost of his legal services rendered prior to his discharge. Appellees noted the failure to file the required pleading in their reply brief on appeal but did not raise the issue before the trial court.
 {¶ 7} Ohio courts have long recognized an "attorney's equitable right to enforce a lien on a client's judgment, decree or award, for payment of attorney fees earned in the prosecution of litigation to judgment."Garrett v. City of Sandusky, 6th Dist. No. E-03-024, 2004-Ohio-2582, ¶ 23. When an attorney and client have contracted for a contingent fee to be paid to the attorney, the agreement gives rise to an equitable lien in favor of the attorney in the final judgment or settlement awarded to the client. Mancino v. City of Lakewood (1987),36 Ohio App.3d 219, 224. The lien follows the judgment or settlement fund.Olds v. Tucker (1880), 35 Ohio St. 581, 583.
 {¶ 8} Therefore, we conclude that appellant was entitled to intervene in the guardianship matter to assert his right to recover a portion of the settlement as reimbursement for his legal *Page 4 
services when the court approved the settlement and distribution of the guardianship funds. Appellant's sole assignment of error is well-taken.
 {¶ 9} Having found that the trial court did commit error prejudicial to appellant, the judgment of the Sandusky County Court of Common Pleas is reversed. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Sandusky County.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., William J. Skow, J., concur. *Page 1