[Cite as *Kaufman v. Horvath*, 2018-Ohio-435.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

David W. Kaufman, et al.                    Court of Appeals No. OT-17-010

　　　　Appellees                          Trial Court No. 15 CV 054 E

v.

William J. Horvath, et al.                  **DECISION AND JUDGMENT**

　　　　Appellant                          Decided:  February 2, 2018

* * * * *

Richard R. Gillum and James C. Barney, for appellees.

Richard P. Kutuchief, for appellant.

* * * * *

**JENSEN, P.J.**

## I.  Introduction

{¶ 1} Appellant, Richard Kutuchief, appeals the judgment of the Ottawa County

Court of Common Pleas, denying his motion for summary judgment and granting a

motion for summary judgment filed by appellees, David and Carol Kaufman. Finding no error, we affirm.[1]

## A. Facts and Procedural Background

{¶ 2} On February 23, 2015, appellees filed a complaint for foreclosure with the trial court, in which they alleged that they were entitled to foreclose upon real estate that is located at 5663 W. Fairway Drive, Port Clinton, Ohio (the "property"). William Horvath's mother, Anna Horvath, previously purchased the property from the estate of Aloysius Becka after protracted probate litigation between her and Becka's children. Anna utilized funds loaned to her by appellees in order to purchase the property. In exchange for the funds, Anna executed a note in favor of appellees in the amount of $160,000, plus interest at the rate of 12 percent per annum, and granted appellees a mortgage on the property. Anna subsequently passed away and the property was passed to William. Appellees' complaint was filed as a result of the failure to make payments on the note, which became due and payable on June 1, 2004. A copy of the note and mortgage was attached to the complaint.

{¶ 3} In their complaint, appellees named a number of defendants, including appellant. According to the complaint, appellant also held a mortgage on the property. Notably, the "Installment Promissory Mortgage Note" drafted by appellant and executed by Anna Horvath incorporates the mortgage deed and states that the mortgage

---

[1] William Horvath filed a notice of appeal in this matter, but was dismissed by this court sua sponte for failing to file a brief or seek an extension of time to do so.

2.

"constitutes a second lien on [the property]." Appellant's mortgage and appellees' mortgage were each recorded on September 26, 2003, at 11:31 a.m. However, appellees' mortgage was recorded on page 431 of book 957 of the Ottawa County Official Records, whereas appellant's mortgage was recorded on page 434.

{¶ 4} Pursuant to their status as mortgage holders, and in light of William's failure to make payments on the note, appellees sought an order directing the sale of the property, with the proceeds to be used to satisfy the outstanding obligations under the note. Further, appellees sought a declaration that their mortgage was the first and best lien on the property.

{¶ 5} After being granted several extensions of time to plead or otherwise defend, appellant finally filed his answer and counterclaim on June 18, 2015. Appellant attached to his answer and counterclaim a copy of a note executed by Anna on May 9, 2003, in the amount of $85,000. Under its terms, the note was supposed to be paid in full five years from the date of its execution. The note also provided for interest at a rate of 8.5 percent per annum, to begin accruing 24 months after the execution of the note, and to increase to 10 percent per annum if the note was not paid within five years of its execution.

{¶ 6} In his answer and counterclaim, appellant alleged that his mortgage was the "number one priority lien and mortgage," as it was executed in order to secure the payment of attorney fees generated in pursuit of the property on behalf of Anna during the probate litigation. Therefore, appellant sought an order from the court, directing the

3.

proceeds from the sale of the property to be applied to the outstanding debt owing to appellant before being applied to satisfy appellees' mortgage.

{¶ 7} Following pretrial discovery, appellees filed a motion for summary judgment on October 14, 2015. In their motion, appellees referenced their preliminary judicial report and argued that their mortgage was first in priority as it was recorded first.

{¶ 8} Approximately three months later, appellant filed his response to appellees' motion for summary judgment, along with his own motion for summary judgment, in which he argued in part that his mortgage over the property constituted a charging lien against the property because the mortgage was executed in exchange for attorney services rendered to Anna Horvath, the details of which were outlined in appellant's motion, during the probate litigation and in pursuit of the property secured by the mortgage. As a charging lien, appellant insisted that all other liens, including appellees' mortgage, were inferior to his mortgage.

{¶ 9} One week later, appellees filed their reply to appellant's memorandum in opposition to their motion for summary judgment. Regarding the issue of priority among the competing mortgages, appellees asserted that their mortgage was entitled to priority as the earlier recorded mortgage. Appellees noted the fact that, although the two mortgages were presented to the recorder's office at the same time, appellees' mortgage was recorded before appellant's as evidenced by the page numbers on which the mortgages appear in the recorder's official records. Further, appellees argued that

4.

appellant's mortgage supports their position in that it expressly states that it is a "second lien" on the property.

{¶ 10} On April 15, 2016, appellees filed their memorandum in opposition to appellant's motion for summary judgment. In the memorandum, appellees challenged appellant's characterization of his mortgage as a charging lien, insisting that the terms of the mortgage, note, and closing documents contradict such a characterization. Specifically, appellees pointed out that appellant's note contained a five-year payment term and specified that the mortgage would constitute a second lien. Appellant maintained that his mortgage was second only to taxes on the property, but appellees asserted that appellant's position was contradicted by appellant's knowledge that the taxes would be paid prior to the transfer of the property, as required under the terms of the settlement agreement between Anna and Becka's estate. In response to appellant's equitable argument that his mortgage was entitled to priority because Anna would not have been able to obtain the property but for his unpaid legal services, appellees noted that their provision of funds to Anna was "every bit as essential to the settlement of the Becka lawsuits." Moreover, appellees argued that appellant's argument fails because he participated in courting them to loan Anna Horvath the money necessary to purchase the property, drafting a loan agreement that specified that appellees' mortgage was to be a first mortgage on the property.[2]

---

[2] Appellees attached to their memorandum a copy of the loan agreement, as well as an affidavit from Anna Horvath that was prepared by appellant. In the affidavit, Anna stated

5.

**{¶ 11}** Upon consideration of the parties' competing motions for summary judgment, the trial court rendered its decision on September 27, 2016. In its decision, the trial court rejected appellant's charging lien theory, finding instead that appellant's mortgage constituted a second lien on the property, inferior to appellees' mortgage based upon the fact that appellee's mortgage was filed before appellant's mortgage. The trial court subsequently issued its judgment entry and decree of foreclosure, followed by appellant's timely notice of appeal.

## B. Assignments of Error

**{¶ 12}** On appeal, appellant asserts the following assignments of error:

> Assignment of Error No. I: The court erred in granting summary judgment to the plaintiffs as they did not demonstrate that there is no issue of material fact; plaintiffs are not entitled to judgment as a matter of law, and reasonable minds can come to more than one conclusion that is not in favor of the plaintiffs.

> Assignment of Error No. II: The agreement to pay attorney fees memorialized in the mortgage on the subject property executed by Anna Horvath in favor of attorney Richard P. Kutuchief is a charging lien executed for attorney services which is directly related to the land upon which the lien is placed and thus has super priority over any other lien. As

that appellees' funds were essential in effectuating a settlement. Anna also stated that appellees' mortgage would attach to the property as a first mortgage.

such, the trial court erred in failing to recognize the existence of the charging lien and erred in denying Kutuchief's motion for summary judgment.

Assignment of Error No. III: Both the mortgage of Kaufman and the mortgage of Kutuchief were presented at the same time as stamped to be September 26, 2003 at the same time, 11:32 a.m.

Assignment of Error No. IV: The court erred in not declaring the value of the attorney fees as prayed for in the counterclaim and in not giving equity consideration to the amount and granting judgment therefore.

{¶ 13} Because each of appellant's assignments of error are interrelated and challenge the trial court's grant of summary judgment in favor of appellees, we will address them simultaneously.

## II. Analysis

{¶ 14} In appellant's assignments of error, he argues that the trial court erred in granting appellees' motion for summary judgment and denying his motion for summary judgment.

{¶ 15} A motion for summary judgment is reviewed de novo by an appellate court. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). "'When reviewing a trial court's ruling on summary judgment the court of appeals conducts an independent review of the record and stands in the shoes of the trial court.'" *Gunsorek v.*

7.

*Pingue*, 135 Ohio App.3d 695, 700, 735 N.E.2d 487 (10th Dist.1999), quoting *Baker v. Buschman Co.*, 127 Ohio App.3d 561, 566, 713 N.E.2d 487 (12th Dist.1998).

{¶ 16} In order to obtain summary judgment at the trial level,

[I]t must be determined that (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion when viewing the evidence in favor of the nonmoving party, and that conclusion is adverse to the nonmoving party. *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.*, 69 Ohio St.3d 217, 219, 631 N.E.2d 150 (1994), citing *Davis v. Loopco Industries, Inc.*, 66 Ohio St.3d 64, 65-66, 609 N.E.2d 144 (1993); *See also* Civ.R. 56(C).

{¶ 17} In his assignments of error, appellant argues that the trial court erred in his charging lien on the property and declaring that appellees' mortgage preceded his mortgage in priority. We will address appellant's argument in two parts: first, we will examine whether appellant's mortgage constitutes a charging lien as he espouses. Second, we will determine whether the trial court properly prioritized the parties' competing liens.

{¶ 18} Ohio recognizes two types of attorney liens: (1) general, or retaining liens, and (2) special, or charging liens. *Fire Protection Resources, Inc. v. Johnson Fire Protection Co.*, 72 Ohio App.3d 205, 209, 594 N.E.2d 146 (6th Dist.1991), citing *Foor v. Huntington Nat'l Bank*, 27 Ohio App.3d 76, 499 N.E.2d 1297 (10th Dist.1986).

8.

**{¶ 19}** The Ohio Supreme Court explained the reasoning for allowing charging liens in *Cohen v. Goldberger*, 109 Ohio St. 22, 141 N.E. 656 (1923), where it stated at paragraph one of the syllabus: "[t]he right of an attorney to payment of fees earned in the prosecution of litigation to judgment, though usually denominated a lien, rests on the equity of such attorney to be paid out of the judgment by him obtained, and is upheld on the theory that his services and skill created the fund."

**{¶ 20}** Given the equitable nature of charging liens, courts have held that an attorney will only be allowed to enforce such a lien in "proper" cases. *Garrett v. City of Sandusky*, 6th Dist. Erie No. E-03-024, 2004-Ohio-2582, ¶ 25. "The decision of what constitutes a proper case is left to the sound discretion of the court of equity, the exercise of which should be based on the facts and circumstances of the case." (Citation omitted.) *Id.*

**{¶ 21}** Having reviewed the evidence that was before the trial court in this case, we find that the equities do not weigh in appellant's favor with regard to a charging lien. While appellant makes much of the fact that his extensive representation of Anna Horvath was a necessary prerequisite to the settlement of the probate litigation that resulted in Anna's acquisition of the property, it is equally true that Anna's purchase of the property would not have been possible but for the loan Anna obtained from appellees. Appellees' loan was granted to Anna at appellant's urging and with the understanding that appellees would receive a first mortgage on the property as security for the loan. This arrangement is clearly spelled out in the loan documents, which make it clear that

9.

appellant intended to secure the payment of his attorney fees by obtaining a mortgage on the property that would constitute a second lien on the property. Appellant's contention that the first lien on the property would have been real estate taxes rather than appellees' mortgage is belied by the loan documents and Anna's affidavit, in which she states that the loan would constitute a first mortgage on the property.

{¶ 22} In his brief, appellant insists that his charging lien argument is supported by our decision in *Kerger & Hartman, LLC v. Ajami*, 2015-Ohio-5157, 54 N.E.3d 682 (6th Dist.), in which we affirmed the trial court's decision allowing a charging lien to be placed on real property after an attorney provided legal work to obtain an interest in that real property. We are not persuaded that *Kerger* applies here given the unique facts and circumstances that were present in that case. In light of appellant's decision to obtain a mortgage on the property that was expressly understood to be subject to appellees' first mortgage, we find that the trial court properly concluded that appellant does not have a charging lien on the property.

{¶ 23} Next, we turn to the question of priority. Appellant insists that his interest in the property is superior to appellees' interest, basing his argument chiefly on the contention that a charging lien enjoys "superpriority" over other encumbrances such as mortgages and even federal tax liens. Having rejected appellant's charging lien argument, we find that he is not entitled to superpriority. Rather, the priority question in this case is governed by R.C. 5301.23(A), which provides:

10.

All properly executed mortgages shall be recorded in the office of the county recorder of the county in which the mortgaged premises are situated and shall take effect at the time they are delivered to the recorder for record. If two or more mortgages pertaining to the same premises are presented for record on the same day, they shall take effect in the order of their presentation. The first mortgage presented shall be the first recorded, and the first mortgage recorded shall have preference.

{¶ 24} Here, the parties' mortgages were presented to the recorder at the same time. However, appellees' mortgage was entered into the official record first, as evidenced by the fact that it appears at an earlier page number than appellant's mortgage. This fact, standing alone, has been held to be non-dispositive on the issue of priority. *See Home Nat'l Bank v. Buckallew*, 4th Dist. Meigs Nos. 06CA2, 06CA3, 2007-Ohio-1339, ¶ 23 ("When the recorder receives a mortgage, the recorder is to endorse upon it the date and time of presentation, as well as place a file number upon it. Those acts do not determine priority, but are a reference for those searching the records."). However, the additional evidence in this case, namely the loan documents and affidavits presented to the court, supports the trial court's conclusion that appellees' mortgage was intended to be superior to appellant's mortgage. Therefore, we find that the trial court properly concluded that appellant's mortgage was second in position to appellees' mortgage.

{¶ 25} Having concluded that the trial court properly rejected appellant's charging lien argument and appropriately prioritized the parties' mortgages, we find that the

11.

court's grant of summary judgment in favor of appellees was warranted. Accordingly, appellant's assignments of error are not well-taken.

{¶ 26} Additionally, appellees have filed a motion for sanctions, in which they seek sanctions and an award of attorney fees against appellant on the grounds that the assignments of error raised herein are frivolous. Under App.R. 23, a court of appeals "may require the appellant to pay reasonable expenses of the appellee including attorney fees and costs" upon a finding that the appeal is frivolous. "A frivolous appeal is one that presents no reasonable question for review." *Garritano v. Pacella*, 6th Dist. Lucas No. L-09-1256, 2010-Ohio-1702, ¶ 12, citing *Talbott v. Fountas*, 16 Ohio App.3d 226, 226, 475 N.E.2d 187 (10th Dist.1984).

{¶ 27} Upon due consideration, we find that appellant's arguments raised in this appeal concerning the priority of the parties' mortgages present reasonable questions for our review. Consequently, we deny appellees' request for attorney fees.

### III. Conclusion

{¶ 28} In light of the foregoing, the judgment of the Ottawa County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                             _____
                                                    JUDGE

Thomas J. Osowik, J.

                            _____
James D. Jensen, J.                                          JUDGE
CONCUR.

                            _____
                                                    JUDGE